TEXAS CENTRAL RAILROAD COMPANY ET AL. v. POOL & SMITH.

Decided November 14, 1908.

**1.—Railways—Connecting Lines—Partnership.**

Where three connecting lines uniting to transport cattle to market were sued under the allegation that they were partners, which was not denied, judgment was properly rendered against all the defendants for damages shown to have been occasioned by negligence in the transportation, irrespective of which defendant was shown to be negligent, and though the contracts of shipment limited the liability of each defendant to damages occurring on its own line.

**2.—Same—Claim for Damages.**

Where connecting lines of railroads uniting to transport cattle to market were sued as partners and the partnership not denied, service of a notice of claim for damages required by the contract of shipment could be shown upon either or any one of the defendants.

**3.—Same—Indemnity.**

Where three connecting lines of railway, sued as partners and not denying that allegation, were held jointly liable for injuries occurring in the transportation of live stock, one of the defendants against whom no negligence was shown was entitled to a peremptory instruction giving it judgment over against its codefendants for the amount for which it was held liable.

Appeal from the County Court of Bosque County. Tried below before Hon. P. S. Hale.

*Terry, Cavin & Mills, C. H. Yoakum, H. S. Dillard, A. H. Culwell, Cureton & Cureton* and *J. A. Kibler,* for appellant.

*E. B. Robertson,* for appellees.

PRESLER, ASSOCIATE JUSTICE.—Appellees filed this suit in the County Court of Bosque County on account of the alleged negligent handling of three shipments of cattle from Walnut Springs, Texas, to St. Louis, same moving over the lines of the Texas Central Railroad Company, the Gulf, Colorado & Santa Fe Railway Company, and the St. Louis & San Francisco Railway Company, to recover damages aggregating nine hundred and eight dollars and eighty-two cents besides interest. The petition alleged that the three defendants were partners, which was not denied in the answers of the defendants, who answered separately, each pleading the general denial and that the contracts of shipment limited their liability to their own lines, the Texas Central Railroad Company, however, pleading over against its codefendants and asking for a judgment against them for whatever plaintiffs obtained against it. The trial resulted in a verdict and judgment in favor of plaintiffs against all the defendants for the sum of six hundred and seventy-five dollars, with judgment in favor of the Texas Central Railroad Company over against its codefendants, from which judgment all of the defendants appeal and here assign error.

We are of opinion that appellees, having sued appellants as partners in the handling of the stock shipments in question, and appellants and each of them having failed to deny the existence of such partnership

under oath, as between appellees and appellants such partnership is to be considered as established by admission, and that under the law of this case and the evidence adduced on the trial thereof appellees were entitled to the judgment jointly and severally rendered against appellants in the court below, irrespective of where and upon which of appellants' lines of railway the negligence causing the damage found occurred; this notwithstanding the clause in the contract of shipment by which each of said appellants sought to limit its liability to its own line. Gulf, C. & S. F. Ry. Co. v. Edloff, 89 Texas, 454. As appellants were acting together as partners in the handling of these shipments, it was sufficient for appellees to file a written statement of their claim for damages within the time stipulated with one or either of appellants, as was done in this case. No requirement obtains under the law that such notice should also be filed with each of the partners, appellants herein.

We are further of the opinion that the trial court had jurisdiction of the amount in controversy in this case, and to enter the judgment awarded appellees in the court below. St. Louis S. W. Ry. Co. v. Dolan, 84 S. W., 393; Ft. Worth & D. C. Ry. Co. v. Underwood, 98 S. W., 453; San Antonio & A. P. Ry. Co. v. Barnett, 27 Texas Civ. App., 498.

Appellants, the Gulf, Colorado & Santa Fe and St. Louis & San Francisco Railway Companies' seventh assignment of error and proposition thereunder are not supported by such statement as is required under the rules governing this court, and said assignment will not be here considered. Were the statement, however, sufficient, it is the opinion of the writer that there was no error in the court's giving the charge complained of. The evidence failing to show any negligent handling of the shipments on the part of the defendant Texas Central Railroad Company, it was entitled in this case to the peremptory instruction given in its favor on its plea for judgment over against its co-defendants.

Finding no reversible error under any of the assignments of appellants or either of them, we conclude that the judgment of the trial court in this case should be in all respects affirmed, and it is so ordered.

*Affirmed.*