### B. H. JOHNSON V. W. C. LANFORD ET AL.

#### Decided November 21, 1908.

**1.—Venue—Suit in Precinct of Residence.**

Two defendants residing in different counties were sued in Justice Court in the county but not in the precinct of the residence of one of them, there being no qualified acting Justice in the precinct where he resided. Held that the plea to the venue by his codefendant should have been sustained; he was entitled to be sued in a precinct where he, or where his codefendant resided, though such codefendant was properly sued in another precinct and made no objection.

**2.—Plea of Privilege—Change of Venue.**

On sustaining a defendant's plea of privilege to be sued in the Justice Precinct where he resided, the venue of the suit should be changed to that precinct.

Error from the County Court of Comanche County. Tried below before Hon. Edwin Dabney.

*Kearby, Presler & Kearby,* for plaintiff in error.—A defendant is entitled to be sued in the county and precinct of his residence, or if there be more than one defendant, in the county and precinct where one or more of such defendants reside, except in the exceptions enumerated in articles 1194 and 1585 of the Revised Statutes of Texas. Rev. Stat., arts. 1194, 1585; Acts of the Thirtieth Legislature, ch. 133, Rev. Stats., art. 1194a; Behrens Drug Co. v. McCarty, 92 Texas, 287; Lindheim v. Muschamp, 72 Texas, 35; Mahon v. Cotton, 35 S. W., 869; Chamberlain v. Fox, 54 S. W., 297; San Antonio & A. P. Ry. Co. v. Barnett, 57 S. W., 600, 46 S. W., 389.

*Callaway & Callaway,* for defendants in error.—The court did not err in overruling the plea of privilege of defendant Johnson to the jurisdiction of the court over said defendant, for the reason that it was apparent from the pleadings and the evidence produced before the court, as is also shown by defendant's bill of exception No. 1, that

the defendant Ernest Lanford did live in precinct No. 1, Comanche County, Texas, by reason of his living in precinct No. 2, Comanche County, Texas, in which precinct there was no justice of the peace and no Justice Court, and which said precinct was joined to precinct No. 1 for judicial purposes by article 1589, Revised Statutes.

SPEER, ASSOCIATE JUSTICE.—W. C. Lanford sued B. H. Johnson and Ernest Lanford in the Justice's Court of precinct No. 1, Comanche County, in an action of debt. The defendant Johnson answered, pleading his privilege to be sued in precinct No. 1 in Tom Green County, which plea was overruled both in the Justice and County Courts, and the ruling in that particular constitutes the principal ground for reversal on this writ of error.

In the County Court, where the case was tried on appeal from the Justice's Court, it was agreed that the plaintiff and Ernest Lanford both resided in precinct No. 2, Comanche County, and that the defendant Johnson resided in justice precinct No. 1 of Tom Green County, and had not contracted in writing to pay the debt sued for in precinct No. 1, Comanche County. It also appears that there was no qualified acting justice of the peace in precinct No. 2, Comanche County, and that the defendant Ernest Lanford was therefore properly sued in precinct No. 1, or at least he interposed no objections to being sued there. The view of the trial court doubtless was, and the insistence of defendants in error now is, that since the Justice and County Court had jurisdiction over the person of Ernest Lanford, therefore plaintiff in error could properly be joined in the suit in that precinct. But this does not at all follow. It is well settled by numerous decisions that the privilege of being sued in one's own county and precinct is a valuable right, and that before one may be sued elsewhere the case must come clearly within one of the exceptions noted in the statute. The only exception which possibly could be construed to justify holding plaintiff in error in the present case is the one providing that the suit in the court of a justice of the peace shall be commenced in the county and precinct in which the defendant, "or one or more of the several defendants," resides. Now, it is agreed that neither of the defendants resided in precinct No. 1, Comanche County, and there is therefore clearly no ground for maintaining the suit in that precinct as against the plea of privilege timely interposed. Sayles' Texas Civil Statutes, article 1585; Behrens Drug Co. v. Hamilton & McCarty, 92 Texas, 284; St. Louis S. W. Ry. Co. v. McKnight, 99 Texas, 289. For the error of the County Court in failing to sustain plaintiff in error's plea of privilege the judgment is reversed.

Article 1194c of the Act of April 18, 1907 (Gen. Laws of Texas, 1907, p. 249), provides: "That whenever a plea of privilege to the venue to be sued in some other county than the county in which the suit is pending shall be sustained, that the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause, and that the clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and transmit the same with the original papers in the cause to the clerk of the court to which the venue has been changed." The cause is therefore remanded to the County Court of Comanche County with in-

structions to sustain plaintiff in error's plea, and to enter an order changing the venue to precinct No. 1 of Tom Green County in accordance with the foregoing article.

*Reversed and remanded with instructions.*