LUTER v. IHNKEN et al.†

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1912. On Motion for Rehearing, Feb. 7, 1912.)

1. APPEAL AND ERROR (§ 257*)—EXCEPTIONS—CHANGE OF VENUE—"JUDGMENT."

Under Acts 30th Leg. c. 133, authorizing an appeal from a judgment sustaining a plea of privilege, such a "judgment," though interlocutory, is final for the purpose of an appeal, and is within district and county courts rule 53 (67 S. W. xxiv), providing that there shall be no bills of exception to judgments on matters which at common law constitute the record proper; and an exception to the judgment is not essential to a right of appeal, notwithstanding rule 55 (67 S. W. xxiv) requiring bills of exception to rulings on applications for a change of venue, which applies only to matters arising during the trial, from which no appeal may be taken until final judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1494–1496; Dec. Dig. § 257.*

For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695–7696.]

2. VENUE (§ 75*)—CHANGE OF VENUE—PLEA OF PRIVILEGE.

Where a plaintiff filed an amended petition, wherein he joined two persons residing in another county as defendants, and one of them filed a plea of privilege to be sued in the county of his residence, and the plea was sustained, the court must, as required by Acts 30th Leg. c. 133, transfer the entire cause to the proper county, especially where the codefendant had previously filed a plea of privilege.

Ed. Note.—For other cases, see Venue, Dec. Dig. § 75.*]

3. DISMISSAL AND NONSUIT (§ 56*)—VOLUNTARY DISMISSAL—RIGHT OF PARTIES.

A plaintiff who joins two persons as defendants has alone the right to dismiss as to one of them; and where he fails to do so the court cannot do so.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 56.*]

4. VENUE (§ 21*)—SPECIFIC PERFORMANCE—PLEA OF PRIVILEGE.

Where, in an action to enforce a contract of sale of real estate, brought in a county in which defendant did not reside, the evidence did not show any contract by defendant to perform in such county, the court properly sustained defendant's plea of privilege to be sued in the county of his residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by O. O. Luter against Louisa C. Ihnken and another. From a judgment sustaining a plea of privilege, interposed by defendant John Ihnken, and ordering a change of venue of the whole case, plaintiff appeals. Affirmed.

Leonard Brown, for appellant. H. C. Carter and Perry J. Lewis, for appellees.

FLY, J. Appellant sued Louisa C. Ihnken, in Bexar county, to enforce specific performance of a contract to sell certain land in that county. She filed her plea of privilege to be sued in Medina county, and, at the same time, filed a general demurrer and general denial. The court first sustained the plea of privilege, and changed the venue to Medina county, but upon a showing on the part of appellant the order was set aside, and the plea of privilege overruled. No exception was taken by Louisa C. Ihnken to the order of the court on the plea of privilege. Appellant then filed a first amended petition, making John Ihnken a party defendant, and alleging that he had agreed to perform his contract in Bexar county. He pleaded his privilege to be sued in Medina county, and the court sustained the plea, and ordered a change of venue of the whole case to Medina county. This appeal was taken from that order.

[1] It is provided in the act of 1907 (Gen. Laws, p. 248) "that whenever a plea of privilege to the venue to be sued in some other county than the county in which the suit is pending shall be sustained that the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause," etc.; and it is further provided "that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege." The effect of that provision is to make such judgment, although interlocutory, final for the purposes of an appeal, and would place it within that class of judgments mentioned in rule 53, for district and county courts (67 S. W. xxiv). The Legislature has given the right of appeal from the order changing the venue under a plea of privilege, and we do not think that an exception to the judg-

ment is required to acquire the right of appeal, as is contended by appellees.

It is true that in rule 55 (67 S. W. xxiv) for the district and county courts it is required that bills of exception be taken to rulings of the court on applications for continuance and for change of venue; but that rule was prescribed for such matters as arise during the trial of a case from which no appeal could be taken until a final judgment was rendered. The law of 1907 was passed to meet cases of pleas of privilege, and to prevent cases from being dismissed when such pleas were sustained, as was formerly the practice; and the proceeding provided for in the act cannot be classed as an application for a change of venue, although it may result in such change. The reason for requiring an exception in cases of this class fails, because there it is but one order, and, for the purpose of an appeal, a final one. Appellant sufficiently indicated his dissatisfaction with the judgment when he gave notice of appeal, and had such notice of appeal made a part of the judgment.

[2] Both of the parties sued in this case live in Medina county, and appellant deemed it necessary to join them in his action for specific performance, and when the plea of privilege was sustained as to one of them it had the effect of changing the venue to Medina county. No provision is made in the law of 1907 for the dismissal as to one of the parties, in whose favor the plea of privilege is granted, but the statute was passed to prevent dismissals; for it is mandatory that "the cause shall not be dismissed" on that account. The court, acting under that statute, had no right or authority to dismiss the cause as to one of the parties; and neither does it seem that he had the authority to change the venue as to one party and refuse it as to another, especially when that other does not object to such action. The law has provided for no such contingency as arises in this case, but imperatively demands that whenever a plea of privilege to the venue is sustained the venue must be changed. We might imagine a case where great injustice to a portion of the defendants might arise from such change of venue. However, we will not anticipate it, but meet it when it arises.

[3] In this case no injustice will be done the other defendant, who sought to have the venue changed to Medina county, nor is appellant injured by it, because the court could not dismiss John Ihnken from the suit; and if he should have sent the case, as to John Ihnken, to Medina county and retained it, as to Louisa C. Ihnken, in Bexar county, we fail to see the benefit that would have accrued to appellant. Appellant joined the defendants in the suit, and he alone had the right to dismiss as to one of them, and his failure to so dismiss must be attributed to a desire to keep them both in court, and he must abide by the decision made under the act of 1907. He has created the status quo, and should not complain of it. Johnson v. Lanford, 52 Tex. Civ. App. 397, 114 S. W. 693; Harris Millinery Co. v. Bryan, 125 S. W. 999.

[4] The evidence shows that John Ihnken promised to come from his home to San Antonio, when he was written that the deed was ready "for signing." He made no express promise to sign the deed in Bexar county, although it may have been implied. The promise to sign, if any, was made, however, under the request by appellant that he would "join the other children" in making the deed, and as soon as he found that the others would not sign he repudiated the agreement, made under the belief that they would. The evidence failed to show any contract to perform in Bexar county, if it did not also fail to show a promise to perform a contract anywhere. The court did not err in sustaining the plea of privilege and changing the venue to Medina county.

The judgment is affirmed.

### On Motion for Rehearing.

This court did not hold that appellant could not have dismissed John Ihnken from the suit, but held that he alone could do it. He did not choose to exercise that privilege, and the court could not do so.

Appellant seems to disregard the fact that he filed an amended petition, in which he made John Ihnken a party. We have not held, as appellant seems to suppose, that a defendant in a case could bring a party in another county into a suit, and thereby change the venue, but simply held that when a plaintiff files an amended petition, joining two parties whose residence he alleges is in another county, and one of them files a plea of privilege, and it is sustained, the case should be transferred to the proper county.

No testimony was heard on the application of Louisa C. Ihnken to change the venue, and the court doubtless concluded, after hearing the evidence on John Ihnken's application, that he had erred in overruling the application for change of venue, filed by Louisa C. Ihnken, and granted a change of venue as to both. It was averred in the application of John Ihnken that Louisa C. Ihnken was a bona fide resident of Medina county, as alleged in appellant's petition.

The motion for rehearing is overruled.