WILKERSON v. CITY NAT. BANK OF DECATUR et al.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 20, 1912.)

1. JUSTICES OF THE PEACE (§ 72*)—ACTIONS—VENUE.

Sayles' Ann. Civ. St. 1897, art. 1585, requires every justice's suit to be commenced in the county and precinct in which the defendant or one or more of several defendants resides, and subdivision 10 permits suits to be maintained against a private corporation in the county and precinct in which its principal office is situated. The suit was brought against appellant-defendant, who resides in justice precinct No. 1 of H. county, and a private corporation, which had its plants in precinct 5 or 7 of W. county, though several of its directors resided in precinct No. 1 thereof and it occasionally held directors' meetings there. Held, that the suit could not be maintained in precinct No. 1 of W. county as against appellant's objection; he being entitled to be sued in precinct No. 1 of H. county.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 235; Dec. Dig. § 72.*]

2. JUSTICES OF THE PEACE (§ 72*)—ACTIONS—VENUE—OBJECTIONS.

That one of defendants did not object to being sued in a certain justice's precinct, in

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

which another defendant did not reside, would not prevent such other from objecting to being sued there.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 235; Dec. Dig. § 72.*]

Appeal from Wise County Court; E. M. Allison, Judge.

Action by the City National Bank of Decatur against A. W. Wilkerson and another. From a judgment overruling a plea of privilege to be sued in another precinct and county, defendant named appeals. Reversed and remanded, with directions to sustain plea.

R. E. Carswell and Robert Carswell, for appellant. W. H. Bullock, for appellees.

SPEER, J. This suit was instituted in the justice's court of precinct No. 1, Wise county, against the Rhome Milling Company, a corporation, and A. W. Wilkerson, to recover damages for the breach of a contract of sale of wheat made between the milling company and Wilkerson; the claim having been transferred and guaranteed to the City National Bank by the Rhome Milling Company. Wilkerson interposed his plea of privilege to be sued in justice's precinct No. 1, Hardeman county, Tex., the precinct of his residence, and the court's action in overruling this plea will call for a reversal of the judgment.

[1] Article 1585, Sayles' Texas Civil Statutes, governing the venue of suits in the justice's court, prescribes that "every suit in the court of a justice of the peace shall be commenced in the county and precinct in which the defendant, or one or more of the several defendants, resides," and the only ground upon which appellant Wilkerson could possibly be held to answer in the present suit is that the other defendant, the Rhome Milling Company, resides in precinct No. 1, Wise county, where the suit was brought. By subdivision 10 of the article above cited, it is provided that suits may be maintained against a private corporation in the county and precinct in which its principal office is situated, thus evidencing, if such evidence were necessary, that the place of residence of a private corporation is where its principal office is situated and its business transacted. The facts set forth in the bill of exception taken to the court's action in overruling the plea of privilege leave little room to doubt that the Rhome Milling Company did not reside in precinct No. 1, Wise county, but did reside either in precinct 5 or precinct 7 of that county, where it had manufacturing plants. The most that can be said is that two of the three directors of the corporation resided in precinct No. 1, Wise county, and the corporation occasionally held directors' meetings there.

[2] Of course, the fact that the Rhome Milling Company made no objections to being sued in precinct No. 1, or even that it might be suable there, would not prejudice the right of appellant to be sued in the precinct of his residence unless the milling company resided in precinct No. 1, Wise county, thus bringing the case within the statute authorizing one to be sued out of the county and precinct of his residence. Johnson v. Lanford, 52 Tex. Civ. App. 397, 114 S. W. 693.

For this error the judgment of the county court of Wise county is reversed, and the cause remanded, with instructions to sustain appellant's plea and to enter an order changing the venue as to appellant Wilkerson to precinct No. 1 of Hardeman county in accordance with article 1194c of the act of April 18, 1907 (General Laws Texas 1907, p. 249).

Reversed and remanded.