LOUISIANA-RIO GRANDE CANAL CO. v. QUINN.

(Court of Civil Appeals of Texas. San Antonio. Oct. 22, 1913.)

1. APPEAL AND ERROR (§ 564*)—EXCEPTIONS, BILL OF (§ 44*)—FILING OF BILLS OF EXCEPTION AND STATEMENT OF FACTS—FALSE DATES.

Where the trial court ordered the statement of facts and bills of exception to be filed, and marked them as approved as of dates long prior to the actual filing and approval, that will give them no added sufficiency, and they will be considered as filed on the date they actually were.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § ·564;* Exceptions, Bill of, Cent. Dig. § 73; Dec. Dig. § 44.*]

2. APPEAL AND ERROR (§ 564*)—STATEMENTS OF FACT—TIME OF FILING.

Acts of 32d Leg. c. 119, § 7, providing that any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within the time allowed by law, applies to writs of error as well as to appeals, and hence a statement of facts filed at any time within 12 months after final judgment is in time in case of a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig.· §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

3. EXCEPTIONS, BILL OF (§ 40*)—TIME OF FILING.

Acts of 32d Leg. c. 119, § 7, providing that any statement of facts filed before the time for filing the transcript in the appellate court shall be considered as having been filed within the time allowed by law,. has no reference to bills of exception, and will not justify an extension of the time of filing.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 44, 45, 57–64; Dec. Dig. § 40.*]

4. APPEAL AND ERROR (§ 14*)—WRIT OF ERROR—RIGHT TO SUE OUT WRIT—PENDENCY OF APPEAL.

That the unsuccessful party below perfected an appeal by filing a supersedeas bond will not preclude him from subsequently suing out a writ of error, so long as the adverse party did not secure an affirmance of the appeal on certificate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 48–57; Dec. Dig. § 14.*]

5. APPEAL AND ERROR (§ 356*)—AFFIRMANCE —AFFIRMANCE ON CERTIFICATE.

Where an appeal is not prosecuted, the appellee may move for an affirmance on certificate at any time during the term to which it was returnable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1926, 1927; Dec. Dig. § 356.*]

Error to Hidalgo County Court; James H. Edwards, Judge.

Action between the Louisiana-Rio Grande Canal Company and R. E. Quinn. There was a judgment for Quinn, and the Canal Company brings error. On motion to strike the statement of facts and bills of exception. Motion granted as to bills of exception, and overruled as to statement of facts.

F. W. Kibbe and L. J. Polk, Jr., both of Brownsville, for plaintiff in error.

FLY, C. J. [1] The judgment against plaintiff in error was rendered on February 16, 1912, and notice of appeal was given. A supersedeas bond was given by plaintiff in error, which purports to have been filed on March 6, 1912. Nothing further was then done in connection with the matter until January 18, 1913, when plaintiff in error presented bills of exception and a statement of facts, which the county judge ordered the clerk to file as of date April 1, 1912. The statement of facts purports to have been approved April 2, 1912, although such date is not the true one. There is no pretense that the bills of exception and statement of facts were in existence at .the time that the trial judge certifies he approved them, nor when the· clerk certifies they were filed. In other words, the times of approval and filing are false dates, and the act of giving such false certificate should be condemned. Of course, the false dates add nothing to the sufficiency of the bills of exception and. statement of facts, and they will be considered as though filed on January 18, 1913, 11 months after the term of court adjourned at which the cause was tried.

[2, 3] Under the terms of Acts 32d Leg. c. 119, § 7, "any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within time allowed by law," and we think that applies to a writ of error as well as to an appeal, and that a statement of facts filed at any time within 12 months after the final judgment was rendered would be in time for a writ of error. The provision quoted is broad enough to cover any statement of facts in cases of appeal or writs of error, and the utter folly of providing in the same act for extensions of time to file statements of facts, and then setting

aside the whole thing by the provision in question is apparent. That part of the act that is quoted does not, however, have any reference to bills of exceptions. Unknown Heirs of Criswell v. Robbins, 152 S. W. 210.

[4, 5] Plaintiff in error had the right to sue out a writ of error, although it had perfected an appeal by filing a supersedeas bond, and defendant in error had it within his power to have asked an affirmance on certificate at any time during the term of this court, to which the appeal was returnable; but he failed to seek such relief. Thompson v. Anderson, 82 Tex. 237, 18 S. W. 153; Insurance Co. v. Clancey, 91 Tex. 467, 44 S. W. 482; Welch v. Weiss, 99 Tex. 356, 90 S. W. 160; s. c. 40 Tex. Civ. App. 257, 90 S. W. 160.

The motion to strike out the statement of facts and bills of exception is granted as to the latter, but overruled as to the former.