NOBLE et al. v. BROAD. (No. 5335.)

(Court of Civil Appeals of Texas. Austin.
April 15, 1914. Rehearing Denied
May 13, 1914.)

JUSTICES OF THE PEACE (§ 72*)—JURISDICTION
—RESIDENCE OF PARTIES.

Under Rev. St. 1911, art. 2308, requiring suits before a justice of the peace to be commenced in the county in which the defendants, or one of them, reside, except in certain cases, among which is a suit upon a contract in writing promising performance at a particular place, which may be brought in that county, where a suit was begun on a promissory note, payable at a certain place, and secured by a chattel mortgage, against the maker of the note and the subsequent purchasers of the mortgaged

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

167 S.W.—1

property, none of whom resided in the county in which the suit was brought, the defendants other than the maker of the note are entitled to have the suit against them transferred to the county of their residence, since they were not parties to the agreement to pay at the particular place.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 56, 143–145, 235; Dec. Dig. § 72.*]

Jenkins, J., dissenting.

Appeal from Coleman County Court; F. M. Bowen, Judge.

Action by William Broad against T. B. Noble and others. On appeal from a justice of the peace to the county court, judgment was rendered for the plaintiff, and defendants appeal. Reversed, with instructions.

Critz & Woodward, of Coleman, for appellants. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

RICE, J. While living in Coleman county, J. R. Hager became indebted to appellee in the sum of $125, and on December 3, 1909, gave him his note therefor, payable on the 1st of March, 1911, at Coleman, Tex., bearing 10 per cent. interest and 10 per cent. attorney's fees, secured by a chattel mortgage on two mares, which was duly filed and registered in said county. Afterwards he removed from Coleman to Clay county, taking said animals with him, without the knowledge or consent of appellee, and there mortgaged the same to T. B. Noble and H. L. McGregor to secure a debt due them, who, when the same matured, brought suit to enforce collection thereof, with foreclosure of said mortgage lien, and purchased said property at their foreclosure sale, crediting the amount paid therefor on their judgment against Hager. They subsequently sold said property to Leroy Vaughan, who paid value therefor. This suit was brought June 14, 1912, by appellee in justice court precinct No. 1, Coleman county, against Hager on said note, and against all of the other parties above named, praying for judgment for the debt against Hager, and for foreclosure of his mortgage lien as against said other parties. Hager answered; but each of the others filed pleas of personal privilege to be sued in the counties of their residences, to wit, Clay and Wichita. On July 28, 1913, judgment went against Hager on the debt, with foreclosure of the mortgage as prayed for, but in favor of Noble, McGregor, and Vaughan on their pleas of privilege, transferring the case to the justice's court of precinct No. 4, Clay county. An appeal was taken to the county court, where the case was tried before the court, without a jury, and resulted in a judgment on the 30th of October, 1913, in favor of appellee against Hager for his debt and foreclosure of the mortgage lien, and against all of the other parties thereto on their pleas of privilege, and for foreclosure of the mortgage lien, as well as for costs of suit, from

which judgment Noble and McGregor have appealed to this court, urging that the court erred in overruling their pleas of privilege, as well as rendering judgment against them foreclosing said mortgage lien.

None of the defendants resided in Coleman county at the time the suit was brought, or process issued, or judgment rendered, nor did any of them have possession of the property in question against which the foreclosure was sought, nor were any of them claiming any interest therein; but it appeared that Leroy Vaughan had, prior thereto, removed the property out of the state. Appellants' pleas of privilege were in due form and supported by the facts, showing that neither of them came within any of the exceptions to exclusive venue mentioned in articles 1830 or 2308 of the Revised Civil Statutes of 1911, and, in view of this, it is urged that since none of the defendants lived in Coleman county, and appellants were not parties to the note sued on, that they were improperly joined in a suit by the payee against the maker of the note, notwithstanding the fact that no personal judgment was asked against them, but only a foreclosure of the mortgage lien.

Article 2308 of the Revised Statutes provides that every suit in the court of a justice of the peace shall be commenced in the county and precinct in which the defendant, or one or more of the several defendants, resides, except in the following cases, and such other cases as are or may be provided by law, etc. Exception 4 provides that suits upon a contract in writing promising performance at any particular place may be brought in the county and precinct in which such contract was to be performed, and this exception is relied upon by appellee as authorizing the suit against appellants in this instance.

In the case of Behrens Drug Co. v. Hamilton & McCarty, 92 Tex. 284, 48 S. W. 5, the plaintiff brought suit in McLennan county against Hamilton & McCarty, who resided in Comanche county, and against the First National Bank of Comanche. As stated by the court:

"The object of the suit was to recover against Hamilton & McCarty the sum of $1,269.50, with interest, the value of certain merchandise sold to them by the drug company, for which they had agreed in writing to make payment in McLennan county, and to recover of the First National Bank of Comanche the value of certain book accounts and choses in action, alleged to have been transferred and assigned to the plaintiff by Hamilton & McCarty to secure their indebtedness to the plaintiff, and after that transfer Hamilton & McCarty had pretended to transfer the same to the First National Bank of Comanche, and said bank had wrongfully seized and converted them to its own use."

The bank having pleaded the privilege to be sued in Comanche, the county of its residence, it was held that it could not be joined in the suit in McLennan county, on the

ground that it had not promised payment in said county.

Here Hager had promised payment in Coleman county; but the appellants had not, and the case comes within the rule above announced. It is true that said ruling was based upon article 1830, prescribing venue of suits in district and county courts; but we hold that there is no material difference between it and the justice court act in this particular. We have carefully examined both acts, and fail to find any basis for appellee's contention that there is such dissimilarity between the two as to make the ruling in Behrens Drug Co. v. Hamilton & McCarty inapplicable to the facts in the present case. In this connection we cite the recent case of Sublett v. Hurst et al., 164 S. W. 448, and also the cases of Zapp v. Davidson et al., 21 Tex. Civ. App. 566, 54 S. W. 366; Behrens v. Brice et al., 52 Tex. Civ. App. 221, 113 S. W. 782; Johnson v. Lanford et al., 52 Tex. Civ. App. 397, 114 S. W. 693; Breed v. Higginbotham Bros., 141 S. W. 165; St. Louis S. W. Ry. Co. v. McKnight, 99 Tex. 289, 89 S. W. 755; Lindheim v. Muschamp, 72 Tex. 33, 35, 12 S. W. 125; Cohen v. Munson, Guardian, 59 Tex. 236; Fermier v. Brannan, 21 Tex. Civ. App. 543, 53 S. W. 702—which cases follow the rule laid down in Behrens Drug Co. v. Hamilton & McCarty, supra.

Believing that the court erred in rendering judgment against appellants, the case is reversed, with instructions to the trial court to transfer same to the justice court, either of precinct No. 1, Wichita county, or to the justice court of precinct No. 4, Clay county, at the option of appellee.

Reversed, with instructions.

JENKINS, J. (dissenting). I do not concur in the view expressed in the majority opinion herein that appellants' plea of privilege to be sued in the county of their residence should be sustained. I think that the justice court in Coleman county had jurisdiction as to them by virtue of subdivision 5 of article 1830, R. S. 1911, which reads:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

The obligation sued on was to be performed in Coleman county, and it is conceded that as to Hager the suit was properly brought in that county. The only judgment asked was the enforcement of that contract; that is to say, judgment against Hager on the note and foreclosure of the mortgage on the property described in that contract. Appellants, being subsequent mortgagees, were proper parties to the suit. They took their mortgage with constructive knowledge of appellee's prior mortgage, and were charged with notice, as a matter of law, that they could properly be made parties to a suit to enforce the prior mortgage. No personal judgment is sought against them. The only thing that appellee asks is that they shall do what the law says they agreed to do when they took their mortgage, and that is recognize the superiority of appellee's prior mortgage. The judgment in favor of appellee does nothing more than enforce his written contract to which the appellants, for the purpose of the proper enforcement of the same, have voluntarily, to that extent, made themselves parties. Under such circumstances, I do not think that they should be permitted to oust the justice court in Coleman county of its jurisdiction conferred by the contract sued on by claiming that suit must be brought to enforce said contract in the county of their residence. If the contract is not enforced against a subsequent mortgagee, in effect, it is not enforced at all. I do not think that a subsequent mortgagee should be permitted to nullify the statute which gives jurisdiction in the county where the contract is to be performed.

The point in issue in this case was not involved in either of the cases cited in the majority opinion, except the case of Sublett v. Hurst, 164 S. W. 448. I think that the honorable Court of Civil Appeals for the Sixth District fell into error in that case by reason of its failure to consider the facts in the case of Behrens Drug Co. v. Hamilton et al., 92 Tex. 284, 48 S. W. 5, upon which it based its opinion. The Behrens Case was not a suit to foreclose a mortgage, but was a suit against Hamilton & McCarty on a note payable in McLennan county, and for a personal judgment against the First National Bank of Comanche, by reason of its alleged conversion of the mortgaged property. The bank was not liable on the contract sued on for the reason that it was not a party to such contract. It was not suable in McLennan county as a proper party to the enforcement of the mortgage, for the reason that no foreclosure of the mortgage was sought. The only alleged liability of the bank was by reason of its conversion of the mortgaged property, alleged to have been committed in Comanche county, and, under no exception to the statute, could the bank be sued, without its consent, in McLennan county for a tort committed in Comanche county. This is the extent of the holding in the Behrens Case. In Sapp v. Davidson et al., 21 Tex. Civ. App. 566, 54 S. W. 366, Freeman, who lived in Ellis county, was sued in Fayette county for converting cotton in Ellis county. In Behrens v. Brice et al., 52 Tex. Civ. App. 221, 113 S. W. 782, the Haywood Oil Company, whose place of residence was Jefferson county, was sued in Harris county for a tort committed by it, if at all, in Hardin county. In Johnson v. Langford, 52 Tex. Civ. App. 397, 114 S. W. 693, the suit was against Johnson and Earnest Langford in precinct No. 1, in Comanche county. The contract was not to be performed, nor did either of the defendants live, in said precinct. In Breed v. Higginbotham, 141 S. W. 164, the suit was instituted against

Hill upon a contract to be performed by him in Comanche county, and Mrs. Breed, who lived in Brown county, was made a party for the purpose of enforcing a mortgage executed by Hill. Hill was not cited, and for that reason it was held that no judgment could be rendered against Mrs. Breed. The court said:

"The asserted lien against the property * * * was ancillary only—an incident merely of the suit upon the note which constituted the basis of the proceedings—and the dependent issue necessarily failed when the only obligor therein was in effect dismissed by appellee's declared election to proceed with the trial without any character of citation or notice to the maker of the note."

In Railway Co. v. McKnight, 99 Tex. 289, 89 S. W. 755, the St. Louis & Southwestern Railroad was sued in Potter county, upon a contract to which it was not a party, for a tort alleged to have been committed by it in Bowie county. In Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125, defendants were sued in a county other than that of their residence on a contract not to be performed in any particular place. This was also the fact in Cohen v. Munson, 59 Tex. 236. In Fermier v. Brannan, 21 Tex. Civ. App. 543, 53 S. W. 702, one of the defendants lived in the county where the suit was brought, and it was held that the other defendant could properly be sued in that county, though they were husband and wife living in different counties. These are all of the cases cited in the majority opinion.

The correct judgment was rendered in Sublett v. Hurst, supra, for the reason that the mortgage was void as to Sublett. Burlington Bank v. Marlin Bank, 166 S. W. 499, decided at the present term of this court.