CAMP et al. v. GOURLEY et al.   (No. 801.)

(Court of Civil Appeals of Texas. El Paso. Feb. 14, 1918. On Rehearing, March 7, 1918.)

1. EXCEPTIONS, BILL OF ⊜⇒43(1) — TIME TO FILE.

Bills of exception filed after the expiration of the time granted by the court in the order extending the time to file are not entitled to consideration.

2. VENUE ⊜⇒75—CHANGE OF VENUE—DISMISSAL AS TO ONE PARTY.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1832, providing that if a plea of privilege is sustained the action shall not be dismissed, but the court shall transfer it to the proper court having jurisdiction, and article 1833, providing that when the plea of privilege is sustained the court shall order the venue to be changed to the court having jurisdiction of the parties, where a suit for rescission of a contract was brought against several parties, and the plea of privilege interposed by one of them was sustained, it was error to dismiss as to one of the parties upon the merits, but the entire case as to all parties should have been transferred to the county wherein that defendant resided who successfully made plea of privilege.

3. COURTS ⊜⇒91(1)—DECISIONS OF SUPREME COURT.

The Court of Civil Appeals is bound to follow the latest ruling of the Supreme Court upon the same proposition.

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Action by H. D. Camp and another against D. W. Gourley and others. To review a judgment on the merits in favor of Gourley against plaintiffs, plaintiffs bring error. Reversed and rendered.

E. J. McQuillan and Ware & Norcop, all of El Paso, for plaintiffs in error. J. C. Brooke, Nichols & Robinson, and Lea, McGrady & Thomason, all of El Paso, for defendants in error.

HIGGINS, J. D. W. Gourley was the owner of a herd of dairy cows in the city of El Paso which he sold to H. D. Camp and J. S. McDaniels, plaintiffs in error. In part payment therefor, Camp and McDaniels executed and delivered to Gourley a promissory note in the sum of $5,000. This note was indorsed and delivered by Gourley to Jackson & Harmon and by the latter to the First National Bank of Alpine. This suit was brought by Camp and McDaniels for a rescission of

the contract of sale and to cancel the note sued upon, also to recover damages against ·Gourley and Jackson and Harmon, alleged to have been sustained by Camp and McDaniels because the cows were alleged to be infected with tuberculosis at the time of the sale. It was alleged that in making the sale Gourley .acted for himself and as agent of Jackson & Harmon, and that he made false representations concerning the health of the cattle. It was alleged further that the bank was not the holder of the note in due course of trade .and in good faith, but acquired the same with notice of the fraud practiced upon Camp and McDaniels. The bank filed a disclaimer ·of any interest in the note, setting up that the note had been taken up by Jackson & Harmon and retransferred to them. Jackson .& Harmon filed a plea of privilege, setting up their right to be sued in Brewster county, where they resided. Gourley filed a denial ·of the allegations of the petition and a crossaction for the sum of $135, alleged to be a balance due upon the purchase price over .and above the note in controversy.

The case was submitted to a jury upon ·special issues and upon the answers returned, the plea of privilege of Jackson & Harmon was sustained, and the suit as to them transferred to Brewster county. Judgment upon the merits was rendered in favor of Gourley .against Camp and McDaniels, who sue out this writ of error.

[1] Assignments 1 to 10, both inclusive, are predicated upon bills of exception filed after the time had expired granted by the court in the order extending the time within which to file same. These bills of exception .are therefore not entitled to consideration. Byrne v. Texas, etc., 198 S. W. 600; Canal Co. v. Quinn, 160 S. W. 151; Criswell v. Robbins, 152 S. W. 210; Loeb v. Railway Co., 186 S. W. 378.

[2] There is no complaint made of the judgment sustaining the plea of privilege of Jackson & Harmon and transferring to Brewster county the venue of the suit as between Camp and McDaniels, on the one part, and Jackson & Harmon, on the other part, but it is asserted that the sustaining of this plea necessarily transferred to Brewster county the plaintiff's cause of action against Gourley, and that it was error to render judgment in favor of Gourley upon the merits. This .assignment is well taken. Article 1832 provides that, if a plea of privilege is sustained, the cause of action shall not be dismissed, but the court shall transfer the same to the court having jurisdiction of the person of the defendant therein, and article 1833 provides that, whenever a plea of privilege to the venue to be sued in some other county than the county in which the suit is pending shall be sustained, the court shall order the venue to be changed to the proper court of the ·county having jurisdiction of the parties to the cause. The district court of Brewster county has jurisdiction over the subject-matter, and, by virtue of the residence there of Jackson & Harmon, it has jurisdiction over the person of all of the defendants. Under the plain language of this statute, it therefore became necessary for the court to change the venue of the entire case as to all parties to that county when Jackson & Harmon's plea of privilege was found to be well taken. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209; Ragland v. Insurance Co., 157 S. W. 1187; Luter v. Ihnken, 143 S. W. 675.

[3] The cases cited by defendants in error in support of the judgment and action of the court in proceeding to final judgment as between plaintiffs and Gourley are distinguishable. In those cases there was either a misjoinder of separate and distinct causes of action or else a failure to state a cause of action against the defendants who asserted the plea of privilege. Here the cause of action to cancel the note is inseparable and indivisible, and the claim for damages asserted against Gourley, Jackson & Harmon shows a joint as well as a several liability. But if the cases were not distinguishable, we would nevertheless be bound to follow the late ruling of the Supreme Court in Hickman v. Swain, supra, which is decisive of the question. Railway Co. v. Moore, 103 Tex. 349, 127 S. W. 797, does not seem to be in point.

The disposition made of this assignment renders it unnecessary to pass upon other features of the judgment of which complaint is made. The judgment of the court below is reversed and judgment is here rendered sustaining the plea of privilege of the defendants Jackson & Harmon to be sued in Brewster county, and it is ordered that the venue of this suit as to all parties, subject-matter, and causes of action be and the same is hereby changed to the district court of Brewster county, Tex., and the clerk of the lower court is directed to make up a transcript and transmit the same with the original papers in the cause to the clerk of the district court of Brewster county, as provided by article 1833, R. S.

Reversed and rendered.

### On Rehearing.

Upon the verdict of the jury it appears that Jackson & Harmon were improperly sued in El Paso county. It is therefore ordered that they recover their costs upon this appeal and their costs incurred in the lower court by reason of being improperly sued in El Paso county. All of such costs are taxed against the plaintiffs in error. The same order is made respecting the First National Bank of Alpine. Article 1832, R. S.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.