## LOWRY v. GILL. (No. 1387.) *

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1923. Rehearing Denied March 8, 1923.)

**1. Appeal and error �köö1003—Appellate court will reverse, when verdict is based on surmise, suspicion, or conjecture, or is against preponderance of evidence.**

The weight of the evidence is for the jury, but the Court of Civil Appeals will reverse a judgment on the facts, when it is found that the verdict is based upon mere surmise, suspicion, or conjecture, and is against the preponderance of the evidence.

**2. Exceptions, bill of ⊙⇒43(1)—Bills of exception, filed after expiration of extension of time, will not be considered.**

Bills of exception, filed after the expiration of time granted by court in an order extending the time within which to file exceptions, will not be considered.

Error from District Court, Hudspeth County; W. D. Howe, Judge.

Suit by M. W. Lowry against Dave Gill. Judgment for defendant, and plaintiff brings error. Affirmed.

Thos. N. Hill, of Beaumont, for plaintiff in error.

Neill & Armstrong, of El Paso (Paul D. Thomas, of El Paso, of counsel on appeal only), for defendant in error.

HARPER, C. J. Appellant brought this suit against appellee, alleging that they entered into an oral agreement of partnership for the purpose of buying and selling lands in Hudspeth county, Tex.; the profits to be divided between them in proportion to the amount of money each placed in the enterprise; the titles to be taken in the name of defendant because he was on the ground, etc.; that, at the time of entering into this agreement, they were the owners of certain sections of school lands, plaintiff owning two-thirds and defendant one-third thereof; that this land was sold for part cash and balance in notes payable to defendant, Gill, who occupied the position of trustee; that thereafter they purchased, from one Maverick, several tracts of land for the sum of $10,-449, part cash and balance evidenced by notes, and for which payment the notes taken on the sale of the school lands were accepted by Maverick as they might be paid; the title to the Maverick lands was placed in defendant; that he took possession thereof, made sales of certain of the tracts, and retained the proceeds. Plaintiff further alleged that he and defendant were the joint owners under the aforesaid agreement of 400 acres of land; prayed for an accounting and for judgment for two-thirds of the said 400 acres, etc.

Appellee answered by general and special exceptions, not guilty, denied that he owed plaintiff, and alleged that plaintiff was indebted to him, and set out the items. Denied the partnership under oath, and prayed for judgment for the lands and for money due.

The cause was submitted to a jury by special issues, as follows:

(1) Did Gill agree to give Lowry a two-third interest in the school land conveyed to McDonald? Answer: No.

(2) Did Gill receive the title to the Maverick land, one-third for himself, and two-thirds as trustee for Lowry, by virtue of an agreement made with Lowry for anything of value? Answer: No.

(3) Was Lowry induced to sign the agreement of February 9, 1918, by false representations of Gill? Answer: No.

Upon these answers the court entered judg-

---

ment for defendant. Brought here for review by writ of error.

[1] The first proposition is that the court erred in overruling the motion for new trial, because the verdict of the jury was contrary to the law and evidence and against the overwhelming weight of the evidence. The weight of the evidence is for the jury (Lewis v. Kelly [Tex. Civ. App.] 233 S. W. 993) but "the Court of Civil Appeals will reverse a judgment on the facts when it is evident that a verdict is based upon mere surmise, suspicion or conjecture and is against the preponderance of the evidence." After a careful consideration of all the evidence we have concluded that no such condition is presented here. The plaintiff and defendant testified affirmatively to the facts relied upon by each for a recovery, and the jury believed the defendant and rendered their verdict accordingly, so we cannot disturb it. Schaff v. Hill & Thompson (Tex. Civ. App.) 238 S. W. 1037.

[2] Several other assignments and propositions are predicated upon admission of testimony over objections of plaintiff. As to these the bills of exceptions were filed after the time had expired granted by the court in the order extending the time within which to file same. These bills of exceptions are not entitled to consideration. Camp et al. v. Gourley (Tex. Civ. App.) 201 S. W. 671.

Affirmed.