## PHŒNIX OIL CO. et al. v. ILLINOIS TORPEDO CO. (No. 7146.)

(Court of Civil Appeals of Texas. San Antonio. April 23, 1924.)

**1. Partnership ⬅204—Delivery of citation to secretary of several companies constituting partnership held sufficient to support default judgment.**

A delivery of a citation to the secretary, trustee, and partner of several joint-stock companies or common-law associations, constituting a partnership and doing business as such, was sufficient to support a default judgment against such companies, under Rev. St. art. 1906, subd. 6, articles 6149, 6152, and article 1863.

**2. Partnership ⬅213(2)—Allegations of partnership are confessed where not denied under oath.**

Allegations of partnership are confessed where not denied under oath.

**3. Judgment ⬅720—Conclusive upon every question of fact and issue raised thereon.**

A judgment over the subject-matters and parties, as to the merits of controversy, is conclusive upon every question of fact and issue raised thereupon.

**4. Judgment ⬅342(2) — Cannot be set aside without cause at subsequent term.**

A judgment cannot, without cause, be set aside at a subsequent term, when it recites service on the parties.

**5. Judgment ⬅343—Fraud, accident, or mistake must be shown to attack judgment on purely equitable grounds.**

To attack a judgment purely upon equitable ground, and not on ground that judgment was void, fraud, accident, or mistake must be alleged and proven.

**6. Judgment ⬅384—Burden on one attacking judgment to show wherein it is unjust.**

The burden is on one attacking a judgment on purely equitable grounds to allege fully a meritorious cause of defense, under oath, and specially set out legal and equitable defenses, claimed to have been prevented from making, and to show wherein judgment is unjust, and to set out facts constituting supposed fraud, accident, or mistake.

**7. Appeal and error ⬅173(2)—Legal capacity to enter partnership cannot be raised first time on appeal, where partnership allegations not denied under oath.**

Contention that unincorporated companies and common-law trust companies could not be legally engaged in partnership with each other could not be raised first time on appeal, where allegations of partnership were not denied under oath.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by the Illinois Torpedo Company against the Phœnix Oil Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Samuels & Brown, of Fort Worth, for appellants.

Claude H. Rogers and R. C. Fuller, both of Fort Worth, for appellee.

COBBS, J. Appellee brought this suit against appellants. As cause of action, plaintiff alleged:

"That heretofore, to wit, on the 25th day of April, 1920, at the special instance and request of the defendants and particularly at the special instance and request of the defendant Phœnix No. 2 Oil Company, the plaintiff furnished the labor, the material and equipment for, and 'shot' a well being drilled by the defendants for the discovery and production of oil and gas in Eastland county, Tex., known as well No. 1 Griffin, using 140 quarts of nitroglycerin for such 'shooting,' at the agreed price, to wit, $644."

All the appellants were alleged to be partners with Phœnix Oil Company, Phœnix Petroleum Company, John Phœnix Oil Association, and Phœnix No. 2 Oil Company, alleged to be unincorporated joint-stock companies or common-law associations, of which A. G. McLarren was secretary, upon whom service could be had. The appellants were all alleged to be engaged in and doing a partnership business together.

Service was had on said partnership firm by service upon A. G. McLarren, secretary and trustee. D. G. Murchison and Q. Harveson, two of the defendants, were served individually with citation, and they filed answers.

On November 13, 1922, judgment was rendered against the three companies and the association, and the individual members serv-

ed with citation, and the cause was continued to the next term for service.

On March 3, 1923, the cause was dismissed as to D. G. Murchison and Q. Harveson, who filed answers, and other defendants who were served, and the interlocutory judgment rendered November 13, 1922, was made final as to the other defendants.

On March 17, 1922, Phœnix Oil Company, Phœnix Petroleum Company, and John Phœnix Oil Association, acting by their respective trustees, and C. C. Cooper, filed a motion to set aside the default judgment and grant a new trial. The motion was granted as to C. C. Cooper, and he was dismissed from the suit; but as to the others the motion was refused.

[1] We overrule appellants' first proposition, that delivery of the citation to one man, the secretary of the different companies, was not sufficient to support the judgment by default against the said four companies.

The suit was based upon an alleged partnership liability and against the defendants as partners. The citation was issued naming each defendant to be served, and the sheriff's return is as follows:

"Sheriff's Return.

"Came to hand on the 5th day of April, 1922, at 5 o'clock p. m. and executed in Tarrant county, Texas, by delivering to each of the within named defendants, in person, a true copy of this citation, at the following times and places, to wit:

| Name. | Month. | Day. | Year. | Hour. | Min. | | Mileage. |
|---|---|---|---|---|---|---|---|
| A. G. McLarren. | 4 | 7 | 1922 | 10 | 45 | A. M. | 25 |
| Phœnix Oil Co., Phœnix Petroleum Company, John Phœnix Oil Ass'n, and Phœnix Oil Co. No. 2, by delivery a true copy of this writ, to their secretary. | | | | | | | |
| A. G. McLarren. | 4 | 7 | 1922 | 10 | 45 | A. M. | 25 |
| C. H. Walton. | 4 | 7 | 1922 | 11 | 20 | A. M. | 25 |
| D. G. Murchison. | 4 | 7 | 1922 | 4 | 45 | P. M. | 25 |
| Q. Harveson. | 4 | 10 | 1922 | 8 | 15 | A. M. | 25 |
| M. W. McQuaid. | 4 | 14 | 1922 | 6 | 30 | P. M. | 50 |
| C. C. Cooper. | 4 | 18 | 1922 | 4 | 30 | P. M. | 25 |

"B. I. Moran, R. J. Burns, J. C. Walton, G. A. Burns, P. J. McCavick, S. M. Hillgross, Geo. W. Wilkes, and Geo. H. Campbell not to be found in Tarrant county.

"Carl Smith,
"Sheriff, Tarrant County, Texas."

[2] It must be borne in mind the suit was against the appellants as partners, doing a partnership business together. There was no denial of the alleged partnership, under oath, and the allegations of partnership must stand confessed.

The record shows sufficient service upon a trustee or partner in each group of associations, as to bind each as such partnership. A. G. McLarren, upon whom service was secured, was a trustee and partner and secretary of the several associations, constitut-

ing the partnership and doing the business of such, and the court acquired jurisdiction of the parties and the subject-matter of the suit. Texas R. S. 1911, art. 1906, subd. 6; Texas R. S. 1911, arts. 6149, 1863, and 6152; Railway Company v. Wilson, 7 Tex. Civ. App. 128, 26 S. W. 131; Tex. Cent. R. R. Co. v. Pool & Smith, 52 Tex. Civ. App. 307, 114 S. W. 685; Wichita County Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990; Slaughter v. Mer. Baptist Publ. Soc. (Tex. Civ. App.) 150 S. W. 224; Home Benefit Ass'n No. 3, Coleman Co., v. Wester (Tex. Civ. App.) 146 S. W. 1022; Kimmell v. Edwards (Tex. Civ. App.) 193 S. W. 363.

[3] The judgment in this case over the subject-matters and the parties, as to the merits of the controversy, is final and conclusive, upon every question of fact and issue raised thereupon.

[4] Such a judgment, being a final adjudication of the controversies, cannot, without cause, be set aside at a subsequent term of the court, when the judgment itself recites service on the parties.

[5, 6] In an attack on the judgment purely upon equitable grounds, and not on the ground that the judgment was void, it must be alleged and proven that fraud, accident, or mistake exists. The burden is on him to allege fully a meritorious cause of defense, under oath, and specially set out legal and equitable defenses, claimed to have been prevented from making and specially show wherein the judgment to which he complains is unjust, and set out the facts constituting the supposed fraud, accident, or mistake as the basis of the petition. Both the pleading and evidence, in this case, fail to state a cause that would justify the court in setting aside the default judgment.

[7] The proposition that unincorporated companies and common-law trust companies cannot be legally engaged in partnership business with each other cannot be considered for the first time here, for the reason that the pleading set out a partnership business between them; and that allegation of partnership will be taken as true, in the absence of a sworn denial of partnership.

We see no error assigned that requires a reversal of this case, and the judgment of the trial court is affirmed.