**WICHITA VALLEY RY. CO. et al. v.
BROWN et al. (No. 10931.)***

(Court of Civil Appeals of Texas. Fort
Worth. Jan. 31, 1925. Rehearing De-
nied March 14, 1925.)

**I. Carriers ⚖═219(5) — Initial carrier liable
for damages from connecting carriers' negli-
gence, though no through bill of lading was
issued.**

Allegations and proof that cattle were re-
ceived for through shipment, fixes initial car-
rier's liability for all damages from connecting
carriers', as well as its own, negligence, though
no through bill of lading was issued.

**2. Partnership ⚖═219(2) — Joint judgment
against two railroads for entire damage to
shipments, authorized without proof of al-
leged partnership, in absence of verified de-
nial.**

In absence of verified plea, denying alleged
partnership between defendant railways, as
required by Vernon Sayles' Ann. Civ. St. 1914,
art. 1906, subd. 6, court could render judgment
against both jointly for full damages to cattle
shipped, without proof of partnership, though
proof showed that cattle were not transported
over line of one of them.

**3. Appeal and error ⚖═754(1)—Assignment of
error that verdict was too indefinite to sup-
port judgment held not availaple, in absence
of assignment that recitals in judgment were
erroneous.**

Where recitals in judgment that counsel
agreed that verdict was sufficiently definite to
enable them to calculate shrinkage in weight of
cattle shipped and depreciation in market val-
ue, because of defendant railways' negligence,
and made necessary calculations, were not
challenged by assignments of error, contention
that verdict was too indefinite to support judg-
ment in aggregate amount so determined will
be overruled.

**4. Carriers ⚖═228(2)—Shippers held not re-
quired to negative making and breach of con-
tract to give notice of claim for damages
within certain time.**

In action against railroads for damages to
shipments of cattle, it was not incumbent on
plaintiffs to negative making and breach of con-
tract to notify carriers of claim for damages
within certain time; such agreement being
defensive matter.

Appeal from District Court, Clay County;
Paul Donald. Judge.

Action by C. L. Brown and others against
the Wichita Valley Railway Company and
another. Judgment for plaintiffs, and de-
fendants appeal. Affirmed.

Taylor & Taylor, of Wichita Falls, H. M.
Muse, of Henrietta, and J. L. Lackey, of
Wichita Falls, for appellants.

J. A. Templeton, of Fort Worth, for appel-
lees.

DUNKLIN, J.   The defendants Wichita
Valley Railway Company and Fort Worth &
Denver City Railway Company have appealed
from a judgment in favor of C. L. Brown, T.
B. Saunders, and Lee L. Russell, for the sum
of $2,031.20, as damages for injuries alleged
to have been sustained to four shipments of
cattle of five carloads each, made by the
plaintiffs from the town of Holiday, Archer
county, Tex.; two of the shipments being
made to Kansas City, Mo., one to St. Joseph,
Mo., and one to the National Stockyards,
Chicago, Ill.

According to the allegations of the petition,
the Wichita Valley Railway Company, which
was the initial carrier, owns and operates a
line of railway extending from the town of
Holiday to Wichita Falls, where it connects
with the Fort Worth & Denver City Railway.
It was not alleged that the cattle were trans-
ported over the line of the Fort Worth &
Denver City Railway Company as one of the
connecting carriers, but it was alleged that
that company practically owns, dominates,
and operates the Wichita Valley Railway
Company's lines, and that those two rail-
ways were operated as a single line by the
two defendants as partners; said railway
companies being agents each for the other,
and that the two defendants undertook to
transport the cattle over their own lines of
railway and those of their connecting car-
riers to their respective points of destination.

Unusual delay and rough handling in
transportation by the defendants and their
connecting carriers were the charges made
the basis of allegations of negligence result-
ing in the depreciation in the market value
of the cattle when they reached their desti-
nation and for which damages were claimed.
Those issues of negligence and consequent
depreciation in market value were determin-
ed by the jury in plaintiffs' favor.

[1] While plaintiffs in their petition did
not specifically allege that the Wichita Valley
Railway Company was the initial carrier, and
base their claim for a recovery upon that fact,
yet the facts alleged and proven upon the
trial do show unmistakably that that defend-
ant was the initial carrier; and the allega-
tions and proof further showing that the
cattle were received for a through shipment
to destination over the line of the initial car-
rier and its connecting lines, its liability was
fixed by law, in the absence of the issuance
of any bill of lading showing such undertak-
ing. In fact, a through bill of lading is con-
clusively deemed to have been issued by the
initial carrier, even though not in fact is-
sued; and the initial carrier is liable for all
damages resulting from the negligence of the
connecting carriers, as well as for its own
negligence.  Burd v. San Antonio So. Ry. Co.,
261 S. W. 1021, by the Commission of Ap-
peals, Section B.

[2] There was no denial by the defendants

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 29, 1925.

of partnership between the appellant railway companies, which was alleged in plaintiffs' petition, as required by article 1906, subd. 6, Vernon's Sayles' Civ. Statutes 1914, and, in the absence of such a plea, the court was authorized to render a judgment against the Fort Worth & Denver City Railway Company jointly with the initial carrier, the Wichita Valley Railway Company, for the full amount of the damages sustained, without proof of such partnership, and even though the proof showed that the cattle were not transported over the line of the Fort Worth & Denver City Railway Company. G. C. & S. F. Ry. Co. v. Edloff, 89 Tex. 454, 34 S. W. 414, 35 S. W. 144; Ry. Co. v. Tysdale, 74 Tex. 8, 11 S. W. 900, 4 L. R. A. 545; Tex. Cent. Ry. Co. v. Pool & Smith, 52 Tex. Civ. App. 307, 114 S. W. 685.

[3] The jury, in answer to special issues, found that there was a shrinkage in weight of the cattle and a depreciation of their market value by reason of the negligence found in the handling of them. The findings of shrinkage were expressed in percentage—2 per cent. for some shipments and 3 per cent. for others, and the depreciation in market value was found to be 25 cents per hundredweight. There was no finding by the jury as to what amount of damages plaintiffs were entitled to recover. However, the judgment contains this recital, after setting out in full the verdict of the jury:

"When this special verdict was rendered, and before the jury was discharged, plaintiff's counsel requested the court to require the jury to complete their verdict by ascertaining and stating the amount of the damage which they found was sustained to each shipment as indicated by their verdict, and to state such amounts in dollars, and cents.

"Defendants' counsel thereupon suggested that they would agree, and they did then and there agree, that the verdict as returned was sufficiently definite to enable counsel for plaintiff and defendants to make the necessary calculations from the undisputed evidence as to the amounts indicated by the findings of the jury, and that such amounts should be made the basis of the judgment herein, which agreement having been assented to by the plaintiff's counsel, the verdict was then accepted by the court, and the jury was discharged.

"The counsel for plaintiffs and defendants then made the necessary calculations and ascertained that the several amounts of damage calculated from the evidence, in accordance with the percentage found by the jury, were as follows, viz.: Answer to special issue No. 4: Excessive shrink, $225.62; depreciation, $295.62; total, $421.24. Answer to special issue No. 5: Excessive shrink $175.06; depreciation, $347.87; total, $523.18. Answer to special issue No. 6: Excessive shrink, $235.-59; depreciation, $302.05; total, $537.64—which several items amount in the aggregate to the sum of $2,031.20, and, said calculations having been made and agreed to be a correct interpretation of the verdict of the jury, same were so accepted by the court."

The aggregate so stated was the amount of damages for which judgment was rendered, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum. The verity of those recitals in the judgment is not challenged by any assignment of error, and accordingly the contention of appellants, that the verdict of the jury was too indefinite to serve as a proper basis for the judgment, is overruled.

[4] In the absence of a bill of lading in the statement of facts, it does not appear that the plaintiffs contracted to give notice to any of the carriers of their claim for damages within 90 days from the respective dates on which the alleged injuries to the cattle occurred. It was not incumbent upon plaintiffs to negative the making of such a contract and the breach thereof as a condition for recovery. Such an agreement would be a defensive matter, if defendants were entitled to any benefit under it at all, and the burden would be upon them, at all events, to show it.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.