TEXAS CENTRAL RAILWAY COMPANY ET AL. v. W. R. MOORE.

No. 2046.  Decided April 27, 1910.

**1.—Practice in Supreme Court—Writ of Error.**

The Supreme Court when it grants an application for writ of error for one party in a case will grant all other applications in the same suit so as to have the whole case before them.   (P. 352).

**2.—Joinder of Actions—Connecting Carriers—Final Judgement as to One.**

The Act of May 20, 1889 (Laws 26th Leg., p. 214) giving a shipper the right to join in one suit for damage to his property in transportation all the connecting lines of railway over which it was transported, though each is separately liable and only for the damage inflicted upon its own line, has the effect of modifying as to such cases the general statutory rule (Rev. Stats., art. 1337) requiring that but one final judgment shall be rendered in any case. A verdict and judgment determining that one of the defendants so joined was not liable is final as between plaintiff and such defendant unless set aside; and the setting aside of the judgment against a codefendant for errors not affecting the judgment in favor of the one discharged will not have the effect of setting aside the judgment as to both of such defendants.  (Pp. 352, 353).

**3.—Same—Cases Discussed.**

Boone v. Hulsey, 71 Texas, 184; Wootters v. Kauffman, 67 Texas, 488; Long v. Garnet, 45 Texas, 400, and Martin v. Crow, 28 Texas, 614, discussed and distinguished from this case.  (P. 353).

**4.—Same—Case Stated.**

In an action by a shipper against connecting lines of railway each severally liable only for the damages to plaintiff's property upon its own line, plaintiff recovered against one defendant and the judgment was in favor of the other. A motion for a new trial by the defendant cast in the suit was granted but there was no motion by either party to set aside the judgment in favor of the defendant who prevailed.  Held, that such latter defendant in a subsequent trial could plead the former judgment as a final adjudication and discharge it from liability.  (Pp. 352, 353.)

**5.—Practice in Supreme Court—Judgment Settling Case.**

Where writ of error is granted in a case reversed and remanded, on the ground that the judgment practically settles the case against applicant, the Supreme Court, if it approves the ruling complained of, will enter final judgment in accordance therewith.  (P. 354).

Error to the Court of Civil Appeals for the Sixth District in an appeal from Tarrant County.

Moore sued the Texas Central, the Texas & Pacific and the St. Louis & S. F. Railway Companies, and recovered against the first and the last named defendants.  As to the latter, the St. Louis & S. F. Ry. Co., the judgment was reversed on appeal of both defendants, by a ruling settling the case in its favor, the judgment against the Texas Central being affirmed.  Appellee obtained writ of error on the judgment of reversal and remand, and appellant, the Texas Central, on the judgment of affirmance.

*J. A. Kibler, W. C. Smith* and *Cureton & Cureton,* for plaintiff in error, Texas Central R. Co.

*Orrick & Terrell,* for plaintiff in error, Moore.—The statute in question does not repeal the existing law regulating the number of judgments that can be rendered in any civil case in express terms and repeals by implication are not favored and will not be indulged unless it is manifest that the Legislature so intended, as all laws are presumed to be passed with full knowledge of all existing laws bearing either directly or indirectly upon the subject embraced in the statute to be construed. It is therefore but reasonable to conclude that in passing a statute it was not intended to interfere with or abrogate any former law relating to the same matter or incidentally connected therewith in the enforcement of the new law, unless the latter Act is repugnant to an earlier one or fully embraced the subject matter thereof, or unless the reason for the earlier Act is beyond peradventure removed. Selmer v. Wolfe, 27 Texas, 72; Allen v. Sanbury, 5 Texas, 418.

In order that a repeal should be effective for repugnancy the repugnancy appearing in the two cases must be wholly irreconcilable. 26 A. & E. Ency., 725.

The caption of this Act does not in any respect declare or intimate directly or indirectly that same embraces any other subjects than those named, and while it may not be strictly unconstitutional, yet to place the construction upon same placed by the court would be in effect to obviate and nullify our constitutional provision requiring the subject matter of the statute to be set forth in the caption thereof, the object of which provision was intended to prevent embracing in the Act irrelevant provisions designed to conceal the real object of the Act. Tadlock v. Eccles, 20 Texas, 792.

There is no repugnancy between the old Act governing the rendition of judgments and the provision of the latter Act in question which can not be easily and readily reconciled so that both Acts could stand and have the full force and effect intended by the Legislature to be given. Laughter v. Seela, 59 Texas, 183.

Moreover neither the caption of the Act nor the Act itself purports in any part or parts thereof to in any way abridge, limit or affect any of the general statutes of the State governing practice in civil cases to distinguish this from any other civil case, and nothing is more deprecated by our own courts than numerous and fruitless appeals. Metropolitan Trust Co. v. Farmers & M. Bank, 89 Texas, 329; Martin v. Crow, 28 Texas, 616.

Independent of the statute in question, prior to its enactment this suit might have been brought jointly against the Texas Central and the Frisco roads for the injury occurring to the cattle by reason of the notice given by both, which was acted upon by plaintiff, to bring in the cattle necessary to make two trainloads, and by reason of their agreements to furnish cars for said shipment and failure to do so. Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 360.

The object of the statute, being to settle the matters of difference between the various roads as well as between the plaintiff and the

various railroads, would be nullified unless the granting of a new trial to one operated as a new trial as to all, as the court would be deprived of the right to decide that the jury had been in error in assigning all the damage against one road.

No judgment is a final judgment which does not dispose not only of all the matters at issue in the case, but also of all parties to the case. The setting aside of the verdict as to one of the defendants would defeat this provision of the law and would result in as many appeals as there are defendants. Martin v. Crow, 28 Texas, 616. In Linn v. Arambould, 55 Texas, 618, our Supreme Court held that no order or decree which does not preclude further proceedings in the case in the court below should be considered final. The principle in this State is that all the interest of all the parties to a suit must be disposed of in one judgment to characterize the judgment as a final one. Martin v. Crow, 28 Texas, 619; Masterson v. Williams, 11 S. W., 531; Simpson v. Bennett, 42 Texas, 241; Stewart v. State, 42 Texas, 242. The substance and not the shadow is to be regarded in determining whether a judgment is final. A judgment set aside becomes purely interlocutory. Mignon v. Brinson, 74 Texas, 18. In Cook v. Fore, 37 S. W., 970, our courts held that a judgment which does not dispose of all of the defendants is not a final judgment, and to like effect are Gulf City Street Ry. Co. v. Becker, 23 S. W., 1015; Missouri Pacific Ry. Co. v. Scott, 78 Texas, 361; Texarkana v. Rodgers, 26 S. W., 447; Masterson v. Williams, 11 S. W., 531; Jordan & Bradford v. Taylor, 64 Texas, 170.

*C. H. Yoakum, West, Chapman & West* and *Theodore Mack,* for defendant in error, St. Louis & S. F. R. R. Co.—Where three railroads are sued collectively by the plaintiff for damages to a shipment of cattle, and as to two the damages are laid in a certain sum, and there is no allegation of partnership or agency, a verdict in favor of two of the defendants and against the third, thus sued, is conclusive and a bar to subsequent proceedings at a subsequent term of court where such verdict in favor of two of the defendants had not been disturbed, set aside or in any manner affected. The rule applicable in torts, that a motion for a new trial granted as to one tort feasor operates as a new trial in favor of the other is not applicable in a case of the character of the one at bar. This is true because the Act of May 20, 1899, General Laws of the Twenty-sixth Legislature, page 214, is permissive only, and gives the shipper the right to join in one suit all of the defendants engaged in the transportation of the freight in any county in which either of the railroads may extend or be operated, and the shipper in such case has the option of maintaining separate suits for the particular damage done upon each line of railway. The plaintiff's cause of action being clearly severable, the verdict and judgment at the preceding term in favor of this appellant, not having been disturbed, constitutes a bar to further prosecution of that cause of action against this appellant; the facts in the case and the record showing a state of facts harmonizing with the proposition of law herein outlined, hence the court erred as shown in the assignments of error. Missouri, K. & T. Ry. Co. v. Elliott & Dial, 99 Texas,

286; Lauchheimer v. Coop, 99 Texas, 386; Colorado & So. Ry. Co. v. Hamm, 47 Texas Civ. App., 196; St. Louis, S. F. & T. Ry. Co. v. Smith, 99 S. W., 171; Boone v. Hulsey, 71 Texas, 176; Ballard v. Perry, 28 Texas, 348; Chambers v. Fisk, 9 Texas, 261; Donner v. Palmer, 45 Cal., 180; State v. New Orleans, 27 La. Ann., 469; Anderson v. Silliman, 92 Texas, 567; Woeltz v. Woeltz, 93 Texas, 553; Bank v. Carper, 28 Texas Civ. App., 334; Acts 26th Leg., May 20, 1899, page 214.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This action was brought by defendant in error, W. R. Moore, to recover of the appellant the Texas Central Railroad Company, the Texas & Pacific Railway Company and the St. Louis & San Francisco Railroad Company damages for injuries to two trainloads of cattle. The route of the shipment was from Albany to Cisco over the Texas Central Railroad, from Cisco to Sherman over the Texas & Pacific Railway and from Sherman to Scullin, I. T., over the St. Louis & San Francisco Railroad Company. The case was tried three times, and upon the last trial defendant in error recovered of the Texas Central Railroad Company $1056.17, and against the St. Louis & San Francisco Railroad Company for $2112.50.

The application for the writ of error by the Texas Central Railroad Company was at first refused by this court, until an application by Moore, defendant in error, against the St. Louis & San Francisco Railroad Company came in, which was granted upon the ground that it "practically settled the case," when we granted that writ and set aside the order refusing the application of the Texas Central Railroad Company and proceeded to grant it. It is our customary rule, when we grant an application for one party in a case, to grant all other applications in the same case, so that when we come to pass upon the application originally granted we will have the whole case before us.

Having reconsidered the application of the Texas Central Railroad Company we are of the opinion that the assignments point out no error and therefore the judgment as against that company is affirmed.

But as to the judgment against the St. Louis & San Francisco Railroad Company we have a very different question. On the second trial of this case there was a verdict and judgment in favor of Moore against the Texas Central Railroad Company for $3000 and interest, but in favor of the St. Louis & San Francisco Railroad Company. From that judgment the Texas Central Railroad Company moved for a new trial and its motion was granted. But no motion was made by either party for or against the St. Louis & San Francisco Railroad Company to set aside the judgment in its favor and there was no appeal or writ of error from said judgment. When the case came on for a hearing a third time the St. Louis & San Francisco Railroad Company pleaded these facts as a bar of a judgment against it, to which Moore, defendant in error, interposed an exception, which exception was sustained. The case proceeded to trial and resulted in a verdict and judgment against that company for $2112.50. Upon a hearing of an appeal from that judgment the Court of Civil Appeals for the Sixth Supreme Judicial District held that it was error

to have sustained the exception to the facts so pleaded and reversed the judgment and remanded the cause. Boone v. Hulsey, 71 Texas, 184, was a suit for the recovery of a league of land and the defendants each claimed a separate portion of the survey. In that case judgment by default was rendered against certain of the defendants and judgment upon the verdict was rendered in favor of certain other defendants. The judgments against the defendants by default was set aside for a defect in the citations. It was held that the setting aside of the judgments by default did not affect the judgment in favor of the other defendants. But this ruling was upon the express ground that actions of trespass to try title against several defendants in which each defendant claimed a separate parcel of land is subject to be severed, that in such a case each defendant was entitled upon demand to a severance and to a separate trial, and that his case might be severed after judgment as well as before. But in case of Wootters v. Kauffman, 67 Texas, 488, we said: "Our statutes provide that there shall be but one final judgment in any case. It follows from this that if there be several defendants to a suit, no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be. Hence, a new trial as to one is a new trial as to all, as has been decided by this court in Long v. Garnett, 45 Texas, 400; and a continuance as to one defendant is a continuance as to the others, although the court may attempt to render final judgment against the latter. (Martin v. Crow, 28 Texas, 614.)" To which many other cases to the same effect may be added. But the Act under which this suit was brought jointly against the three companies was passed long since the statute which provides that there shall be only one final judgment in a case. The statute first referred to does not proceed upon the idea that there is any joint liability between the carriers. The object of the Act was in part to fix the venue of connecting carriers, and to adjust the damages between the lines, when it should be difficult to determine which line was responsible for the damage. The Act permits suit against all the carriers, although the damage by each is separate and distinct from that inflicted by any other. The suits in this case may have been brought separately. And when a jury has declared that one of the defendants is not responsible for any of the damage and there has been no error as to the proceedings in relation to such defendant, no reason is seen for holding such company in the case because some error has been committed as to another defendant which requires a setting aside of the verdict against it. As we have said, this Act was not in force when the law was enacted which declared that there should be but one final judgment in a case, and since the suits in this case were separable and one judgment is in no manner dependent upon another, we see no valid reason why the setting aside of a judgment against one defendant should be held to have set it aside as to another when there is no connection in their liability.

This was a reversed and remanded case as to the St. Louis & San Francisco Railway Company and the writ of error was granted because

the petition averred that the decision of the Court of Civil Appeals "practically settled the case." In such a case the statute makes it our duty in the event we endorse the ruling of the Court of Civil Appeals to render judgment against the applicant. Accordingly, we reverse the judgment of the District Court and render judgment in favor of the St. Louis & San Francisco Railway Company.

The judgment against the Texas Central Railway Company is affirmed and that against the St. Louis & San Francisco Railway Company is reversed and here rendered in favor of that company.

*Affirmed as to Texas Central R. Co.*

*Reversed and rendered in favor of St. Louis & S. F. Ry. Co.*