KANSAS CITY, M. & O. RY. CO. v. CAVE et al. (No. 8087.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 13, 1915.)

1. PLEADING ⊚⇒129—ADMISSIONS—FAILURE TO DENY.

Where the plaintiff alleged, in an action against receivers of a railroad, that such receivers had been duly appointed and as such were operating the road, and the allegation was not specifically denied by the receivers, who answered and defended at the trial, their character as such was admitted, so that no proof of their appointment was required.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. ⊚⇒129.]

2. CARRIERS ⊚⇒228—CARRIAGE OF LIVE STOCK —PRESUMPTION FROM INJURY.

Evidence that cattle were in good condition, when shipped, and 11 of them were dead at the end of the transit, piled up on each other, and many of the remainder bruised and skinned, established a prima facie case for plaintiff, suing for negligent injury by defendant railroad, so that the burden was upon defendant to show that the injuries sustained were due to the inherent vices of the animals.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ⊚⇒228.]

3. CARRIERS ⊚⇒228—CARRIAGE OF LIVE STOCK —DAMAGES—EVIDENCE.

Where proof was made that cattle were shipped in good condition, and reached the end of the transit with some dead and the rest injured, the admission of testimony as to their market value at destination was proper, although there was no evidence to show what their condition at destination would have been, had they been transported with ordinary care, since the proof of injury raised a prima facie presumption of the carrier's liability in damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ⊚⇒228.]

4. TRIAL ⊚⇒260—INSTRUCTIONS—REPETITION.

It is not error to refuse a requested charge, substantially covered by another charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⊚⇒260.]

5. APPEAL AND ERROR ⊚⇒1060 — HARMLESS ERROR — ARGUMENT OF COUNSEL — BIAS OF WITNESSES.

In an action against a railroad for injury to cattle in transit, where counsel in argument said, "You know that witnesses * * * in the employ of corporations like railroad companies testify as they are told to do in order to hold their jobs," such language was reversible error, where the court refused to exclude it upon objection, in view of the testimony of defendant's trainmen that the cattle were overcrowded when loaded, and that some of them were down in the cars when delivered to the defendant by a connecting road; the entire transit being less than

70 miles, taking only from 4 in the afternoon until 6 the next morning.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. ⊚⇒1060.]

6. EXCEPTIONS, BILL OF ⊚⇒26—CONSTRUCTION — AIDER BY STATEMENT — ARGUMENT OF COUNSEL.

Where a bill of exceptions to an argument of counsel for plaintiff contained no statement by the judge that there was evidence to warrant the argument, if a statement complaining of the argument asserted the absence of proof to warrant it, such statement being uncontradicted by the adverse party, the objection to the argument was proper, since the statement of facts may aid a bill of exceptions, in the absence of conflicts between them.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 33; Dec. Dig. ⊚⇒26.]

7. APPEAL AND ERROR ⊚⇒323—BRIEFS—FILING.

Where there were several codefendants in an action for injury to live stock in transit, and one defendant appealed separately, failing to perfect such appeal through failure to comply with the rules of court regulating time for filing briefs, such defaulting defendant cannot have judgment as to it reversed on a later appeal by one of its codefendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1796, 1798–1805; Dec. Dig. ⊚⇒323.]

8. APPEAL AND ERROR ⊚⇒1173—JOINDER — REVERSAL OF JUDGMENTS.

Where severable causes of action are joined and tried together against two or more defendants, the reversal of judgment as to one does not require reversal as to the others.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. ⊚⇒1173.]

Appeal from Jones County Court; Joe C. Randel, Judge.

Action by D. C. Cave and another against the Kansas City, Mexico & Orient Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

H. G. McConnell, of Haskell (H. S. Garrett, of San Angelo, of counsel), for appellant. Brooks & Brooks, of Anson, Ocie Speer, of Ft. Worth, Yonge & Yonge, of Snyder, and Earl Conner, of Eastland, for appellees.

DUNKLIN J. D. C. Cave shipped 83 head of cattle from the town of Snyder to the town of Hamlin. They were transported from Snyder to Roscoe over the Roscoe, Snyder & Pacific Railway, thence over the Texas & Pacific Railway to Sweetwater, and from Sweetwater to the town of Hamlin, their destination, over the Kansas City, Mexico & Orient Railway. Cave instituted this suit to recover damages for alleged injuries to the cattle sustained during such shipment; each and all of said railway companies being made defendants, with the exception that Hovey & Mertz were sued as receivers of the Kansas City, Mexico & Orient Railway Company. The claim for damages was predicated upon the usual allegations of rough handling and delays by each and all of the defendants. The case was tried before a jury, who returned a verdict in fa-

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vor of the Roscoe, Snyder & Pacific Railway Company, but in favor of the plaintiff against the Texas & Pacific Railway Company for $275, and against the receivers for $695. This appeal is prosecuted by the receivers.

[1] No proof was made of the appointment of the receivers, and on account of the absence of such proof appellants insist that the judgment should be reversed. This assignment is overruled, for the reason that plaintiff alleged the receivers had been duly appointed and as such were operating the Kansas City, Mexico & Orient Railway at the time the shipment was made, and this allegation was not specifically denied by the receivers. Furthermore, the receivers filed an answer in the suit as such receivers, and the trial proceeded with attorneys present and representing the receivers. Under such circumstances, plaintiff was not required to produce proof of such appointment. McNulta v. Ensch, 134 Ill. 46, 24 N. E. 631; McNulta v. Lockridge, 137 Ill. 270, 27 N. E. 452, 31 Am. St. Rep. 362. As the pleadings were all filed prior to the act of the Legislature of 1913, providing that allegations in verified pleadings, not denied under oath, shall be taken as confessed, and as plaintiff's petition was not verified, that act is not applicable. See Acts 1913, c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1827–1829b).

Appellant cites Kirby Lumber Co. v. Cunningham, 154 S. W. 288, to support the contention that the burden was upon the plaintiff to prove the appointment of the receivers. We do not believe that that decision is in point for the following reasons: In that suit it was sought to hold the Kirby Lumber Company liable for the negligence of the receivers of the same company occurring prior to the time the receivership was closed and the property of the company turned over to the Kirby Lumber Company. In disposing of the case the court said:

"In order to make the lumber company liable in the present case, it would be necessary to allege and prove that the receiver had been discharged and the property of the company redelivered to it, and either that such property was equal in value to the amount of plaintiff's claim, or that the payment of such claim had been made a condition of such redelivery of the property by the decree of the court terminating the receivership."

Judgment was rendered in plaintiff's favor for $20,000 against the Kirby Lumber Company, as well as against the receivers, and the amount of the judgment fixed and established as a lien upon the corporate assets of the Kirby Lumber Company. Clearly proof of the receivership was a necessary predicate for the judgment against the company, as much so as proof of any other fact. The receivers, as well as the company, appealed, notwithstanding no personal judgment was rendered against them; but as shown by the opinion, the court treated the appeal by the receivers as nominal only, and considered the lumber company as the only appellant having a substantial right to prosecute the appeal.

[2] Appellants further insist that there was no evidence tending to show what the condition of the cattle would have been upon their arrival at the place of destination, if they had been transported and delivered with ordinary care and diligence. According to testimony of plaintiff's witnesses, the cattle were in good condition when they were loaded on the cars at Snyder, and the proof was uncontroverted that, when they reached their destination, 11 of them were dead, being piled upon each other, and many of the rest bruised, skinned, and in a very bad condition generally. It was also shown that no one accompanied the shipment for the plaintiff. Under such circumstances a prima facie case of negligence was made by the plaintiff, and if any of the injuries sustained by the cattle were due to inherent vices of the animals, the burden was upon the defendant to show that fact. See F. W. & D. C. Ry. Co. v. Greathouse, 82 Tex. 111, 17 S. W. 834, St. L. & S. F. Ry. Co. v. Brosius, 47 Tex. Civ. App. 647, 105 S. W. 1131, and decisions there cited.

[3] Appellants' contention last noted was made the predicate of objections to the testimony introduced by the plaintiff relative to what would have been the market value of the cattle at their destination, had they arrived in good condition, and the assignments complaining of the admission of such testimony are overruled for the same reason already stated.

[4] There was no error in refusing appellants' requested charge No. 4, for the reason that it was covered by another requested charge, No. 3, substantially to the same effect, and which was given.

[5] Another assignment has been presented to the action of the trial judge in permitting one of the attorneys for the plaintiff to make use of the following argument to the jury:

"Gentlemen, you have heard the testimony of these railroad witnesses; but you know that witnesses such as these, in the employ of corporations like railroad companies, testify as they are told to do in order to hold their jobs."

Appellants excepted to the remarks, and to the action of the court in permitting the same, upon the ground that they were highly inflammatory, based on no evidence in the case, and calculated to prejudice the rights of the defendant before the jury. W. D. Thompson, an employé of the receivers, who was conductor of the train that carried the cattle from Sweetwater to Hamlin, testified that the cattle were handled in a careful manner while they were being transported over the Kansas City, Mexico & Orient Railway, and no witness testified specifically to any rough handling while on that road. Furthermore, the evidence shows conclusively that the entire trip made by these cattle was not over 68 miles. They were shipped from Snyder to Roscoe over the Roscoe, Snyder & Pacific

Railway, a distance of 25 miles; from Roscoe to Sweetwater over the Texas & Pacific Railway, a distance of 8 miles; and from Sweetwater to Hamlin, over the Kansas City, Mexico & Orient, a distance of about 35 miles. The shipment left Snyder at 4 o'clock p. m. on February 28th, and arrived at Hamlin at 6:15 o'clock on the following morning. The trip over the Texas & Pacific Railway from Roscoe to Sweetwater was made in about 15 minutes, and that road delivered the cattle upon the track of the Kansas 'City, Mexico & Orient Railway at Sweetwater at about 9:30 o'clock upon the night of February 28th. The cars in which the cattle rode remained standing upon the track of the latter company from 9:30 o'clock the night of February 28th until about 2:30 the following morning, when they were carried to Hamlin, reaching there at 6:15 the same morning, and delays amounting to practically 2 hours occurred on the trip between Sweetwater and Hamlin.

There was testimony strongly tending to show that the cattle were overcrowded when loaded in the cars at Snyder, although this was controverted by testimony offered by plaintiff. According to the testimony of one of the trainmen of the Texas & Pacific Railway Company, 5 or 6 of the cattle were down in the cars when they reached Sweetwater. We are of the opinion that, in view of the testimony of appellants' witness to careful handling noted above, and other facts recited, the argument of plaintiff's counsel, which was improper, was reasonably calculated to cause, and probably did cause, an improper verdict against appellants, especially in view of the court's refusal to exclude it when appellants objected thereto; hence we sustain the assignment now under discussion. M., K. & T. Ry. Co. v. Woods, 25 S. W. 742; G., H. & S. A. Ry. Co. v. Washington, 42 Tex. Civ. App. 380, 92 S. W. 1054; Ft. W. Belt Ry. Co. v. Johnson, 125 S. W. 387, and decisions there cited.

[6] Appellee calls attention to the fact that the bill of exception to that argument does not contain a statement by the judge who approved it that there was no evidence to warrant the argument of which complaint is made; the statement contained in the exception to that effect being merely a ground of objection urged by the appellant. While that is true, yet we find, in the statement submitted by appellant under the assignment complaining of the argument, an assertion substantially to the effect that in the entire statement of facts there is an absence of any proof to warrant the argument, and appellee in his reply to that assignment has not controverted that statement. It is well settled by the decisions that the statement of facts may be looked to in aid of a bill of exception, in the absence of conflicts between them. Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764.

Appellee has cited I. & G. N. v. Rhoades, 21 Tex. Civ. App. 459, 51 S. W. 517, 52 S. W. 979, to sustain the argument as proper. In that case it was held that it was not improper for counsel for plaintiff to argue, in effect, that employés of the railway company were under the necessity of testifying favorably to the company in order to hold their positions with the company, because if they should testify to facts showing negligence on their part, and the company should lose in the suit, by reason of such negligence, it would be but natural and reasonable to suppose the company would discharge them. But the argument complained of in this case goes much further than that. It implies an assertion that the employés of the defendant railway companies had been instructed by their superiors in employment just what testimony to give, and that the instructions had been followed by the witnesses through fear of losing their positions. This assumption of fact was entirely outside the record, and was not a legitimate inference from any evidence in the record.

We fail to discover any conflict between paragraphs 3 and 4 of the court's charge to the jury, as insisted by appellants in another assignment.

For the reasons indicated, the judgment against appellants is reversed, and the cause remanded for another trial between the appellee D. C. Cave and appellants.

[7] We find brief and also transcript filed in this cause by the Texas & Pacific Railway Company; but the same cannot be considered, for the reason that upon a former day of this term of court, in an appeal prosecuted by that company separately from the present appeal, the briefs of that appellant were not filed within the time prescribed by the rules, and a motion to file the same was denied, and that appeal dismissed.

[8] The case was tried upon the theory of separate liability of the different defendants, and, plaintiff's causes of action against them being severable, the reversal of the judgment as to one for another trial does not require a reversal as to others. See T. C. Ry. Co. v. Moore, 103 Tex. 349, 127 S. W. 797.

Reversed and remanded.