## BAKER v. CLEMENT GRAIN CO. et al.
### (No. 6170.)

(Court of Civil Appeals of Texas. Austin. March 17, 1920. Rehearing Denied April 28, 1920.)

1. **Receivers** ⬅183—**One sued, as receiver must specially deny the relation.**

Where one is sued as receiver, or in any other special capacity, the averments of the petition as to that relation are to be taken as true, without proof, unless specially denied in the answer, notwithstanding a general denial.

2. **Receivers** ⬅95—**Showing of contract for receiver held sufficient.**

Indirect and meager testimony *held* to authorize holding that contract, in terms by railroad company, by an agent, to divert grain shipment from original destination, was made for and on behalf of receiver, and so bound him, in absence of testimony that agent was an interloper.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by the Clement Grain Company against James A. Baker, receiver, and another. From judgment against the named defendant, he appeals. Affirmed.

John M. King, of Palestine, and Pat M. Neff and Walton D. Taylor, both of Waco, for appellant.

J. Walter Cocke and Weatherby & Rogers, all of Waco, for appellees.

KEY, C. J. Appellee brought this suit against James A. Baker, as receiver of the International & Great Northern Railway Company, and against the Houston & Texas City Railway Company; and from a judg-

ment in the county court in favor of the plaintiff and against Baker, as receiver, the latter has appealed. No judgment was rendered against the other defendant, and its rights are not here involved.

The questions presented to this court for decision are neither new nor novel; and therefore, with one exception, they will not be discussed, and we content ourselves with saying that all of them have been duly considered and are decided against appellant.

The only one that can be said to present any difficulty is the contention that the plaintiff failed to prove, as it had alleged, that the receiver, Baker, had entered into a contract with the plaintiff by which he obligated himself to divert the shipment of grain referred to from Sherman, its original destination, to Waco, Tex. The plaintiff's loss resulted from the fact that there was unnecessary delay in the shipment from Sherman to Waco; and if the receiver, Baker, was a party to the contract for such diversion, the proper judgment was rendered, and it should be affirmed.

In substance and effect, the plaintiff's petition alleged that appellant Baker was receiver of the I. & G. N. Ry. Co. at the time the contract referred to was made, but the contract, though in writing, purports to have been made by and between the plaintiff and the I. & G. N. Ry. Co., acting by J. W. Byars, as agent. Appellant contends that the plaintiff failed to prove that he was receiver of the railroad at the time of the transaction in question, and also failed to show that he entered into any contract with plaintiff.

[1] Appellant's answer contained nothing but demurrers and general denial; and the general rule of law is that, when a defendant is sued as receiver, or in any other special capacity, unless the averments in the plaintiff's petition charging such facts are specially denied in the defendant's answer, such allegations will be regarded as true, and it will not be necessary for the plaintiff to make proof thereof; and it has been held that that rule prevails in this state. Spelman v. Delano, 177 Mo. App. 28, 163 S. W. 302; Kansas City, M. & O. Ry. v. Cave, 174 S. W. 873; Schaff v. Nash, 193 S. W. 470.

[2] A written document was placed in evidence, by which it was agreed by both parties that the carload of oats in controversy arrived at Sherman, Tex., over the line of the defendant Houston & Texas Central Railroad Company on July 26, 1917, and that instructions to divert the car to Waco, Tex., were communicated to that defendant by James A. Baker, receiver of the I. & G. N. Ry. Co., on August 18, 1917, and the diversion was actually accomplished on August 19, 1917. The written contract for diversion was executed July 30, 1917, and the other agreement to which we have referred shows that on August 18, 1917, Baker, the receiver, was attempting to comply with that contract.

J. W. Byars, who was appellant's witness, testified as follows:

"I was located in this city in the months of July and August, 1917. I was engaged as division freight agent for the I. & G. N. and was made passenger agent afterwards. I have been engaged in the railroad business the past 41 years."

He did not specifically state that he was employed by and acting for the receiver in the transaction in question, but he did say:

"We did all we could to divert the car. There was nothing else that the receiver, Mr. Baker, of the I. & G. N. or Mr. O'Flynn could have done."

He also exhibited a number of telegrams sent and received by him relating to the diversion of the car in question, but none of them showed that he was acting as agent of the receiver. However, as no testimony was submitted tending to show that he was an interloper, and acting without the consent of the receiver, and as it must be presumed that the receiver was in possession of the railroad and operating the same, we think that fact, together with the others already adverted to, authorized the trial court to find that the contract in question was made for and on behalf of the receiver, and that he is bound thereby. It may seem strange that the plaintiff's attorneys failed to develop the case more fully in that respect; still we are of the opinion that the indirect and somewhat meager testimony justified the ruling of the trial court in holding that Baker, the receiver, is bound by the contract in question.

No reversible error has been pointed out, and the judgment is affirmed.