**GOOCH et al. v. SPARKMAN.** (No. 7598.)

(Court of Civil Appeals of Texas. San Antonio. June 9, 1926. Rehearing Denied June 23, 1926.)

**1. Appeal and error ⟊544(1).**

In absence of bill of exceptions preserving ruling of court, any objections to admitting or rejecting testimony will be treated as waived.

**2. Judgment ⟊664.**

Judgment for plaintiff set aside by court before adjournment, on motion for new trial, is in effect no judgment, and cannot bar recovery by plaintiff of relief on which he did not insist when first judgment was rendered.

**3. Limitation of actions ⟊167(3).**

Vendor's lien, being incident to or security for debt, continues until debt itself becomes barred by limitation.

**4. Deeds ⟊67.**

Clause in deed providing for assumption of obligations is binding upon delivery and acceptance of deed, in absence of contrary evidence.

**5. Appeal and error ⟊1051(1)—Evidence ⟊461(3)—Testimony as to property intended to be described held admissible in suit to reform; admission of testimony, if error, held harmless, where fact was otherwise sufficiently proved.**

In suit to foreclose vendor's lien and reform description of property, admission of statement of vendor's agent that it was intended to describe property in the "C. Hotel addition"·instead of the "C. Hotel property" (which by stipulation was admitted subject to objections which might be urged if he was on the stand testifying), was not error, and, if error, was harmless, where the fact was otherwise sufficiently proved.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by J. H. Sparkman against Marilda B. Gooch and others. Judgment for plaintiff, and defendants appeal. Affirmed.

E. B. Ward, of Corpus Christi, for appellants.

E. L. Coleman, of Corpus Christi, for appellee.

COBBS, J. Appellant appeals from a judgment for $632.70, and an additional amount of $63.27, on two notes executed by A. D. Evans and W. H. Daimwood to Albert Higby, dated November 13, 1913, one for the principal sum of $150, and one for $125, with 8 per cent. interest per anum and attorney's fees, and to foreclose the vendor's lien securing the same upon certain lots of land.

The case was tried on September 3, 1919, and a personal judgment was instructed for appellee against A. D. Evans and W. H. Daimwood, the makers of the note to Higby,

who assigned the notes to appellee. Subsequently Daimwood and Evans filed a motion for a new trial and to set aside the judgment against them, and on October 2, 1919, the motion was granted, and the entire judgment was set aside, and the cause thus reinstated stood for trial as though there had been no previous trial or judgment. On January 21, 1920, appellee amended his pleading and filed his second amended original petition, suing on the same notes, and sought to foreclose the lien previously asserted and sought to reform the description of the note as written in the notes and service thereof upon appellants.

Appellants' answer, among other things, consisted of a plea of former judgment as a bar, general denial, the statutes of limitation of 2 and 4 years, as to a foreclosure of the lien, and against the reformation of the description.

The case was tried without a jury, and the court rendered a judgment in favor of appellee.

Appellants filed a motion containing 27 grounds upon which the court was requested to file findings of fact, and 16 grounds requesting the court to file conclusions of law thereupon.

[1] The findings of fact reflect all the issues involved in this case, and we find that they are supported by the evidence. There was no bill of exceptions taken and presented to the court, and there was no complaint made and duly presented to the court, with request for further or additional findings. If challenged at all, it was by assignments of error, for there is no bill of exceptions in the transcript whatever, preserving any ruling of the court on any question involving the ruling of the court in regard to admitting or rejecting testimony; hence we must treat that matter as waived.

There is no proper predicate laid for any challenge to any finding or omission made in respect to the court's deduction and finding of any fact necessary to support its judgment.

[2] The first complaint presented by appellants to the judgment is that, because on the former trial appellee sought and obtained a personal judgment only, against Daimwood and Evans, without a foreclosure of the lien, such judgment, though the same was set aside upon an application for a new trial, estopped appellee

The following colloquy occurred on the former trial upon entering the judgment:

"The Court: Do you mean to dismiss as to Gooch?

"Mr. Coleman: No; we don't dismiss as to them, but don't ask any judgment against them, nor against the land.

  *     *     *     *     *     *     *

"Mr. Coleman: Now, your honor, this doesn't have anything to do with the land, and therefore I am not caring anything about the de-

scription of the property; these notes are executed by Evans and Daimwood, and therefore all I am going to ask is a judgment against the makers."

The eighth paragraph of the court's finding of fact is:

"I further find that in the original trial of this cause that the plaintiff stated in open court before the conclusion of said trial that, while he did not dismiss as to the defendants Gooch, still he did not ask any judgment against them nor against the land in controversy, and that all he was going to ask for was a judgment against the makers of the notes, Evans and Daimwood."

The court, in granting the order setting aside its former judgment, made the order that it set aside "whatever order of dismissal· has been made in such case." The court having power and control of its judgments until after an adjournment, the effect of this action was as though no former judgment had been entered, if in fact it was entered, and the case stood for trial and adjudication as of the date of the entry. This ruling also applies to all correlative propositions raising the same. question in other forms.

Appellants cite to support their contention the cases of Boone v. Hulsey, 71 Tex. 176, 9 S. W. 531, and Railway v. Moore, 103 Tex. 349, 127 S. W. 797. Neither of those cases support the claim; but, if anything, perhaps they are authority in support of the ruling of the trial court. The distinguishing feature is that here the entire judgment was set aside upon a motion for a new trial, during the term of the court that made the previous order, and the cause reinstated the same as though no previous action was had, and the cause proceeded to trial with amended pleadings. The assignment and all propositions flowing therefrom are overruled.

[3] There is nothing in the contention that the alleged assumption of the notes and the foreclosure of the lien is barred by the statute of limitations and the claim that the lien was barred by the statute of limitations. On this issue the court very properly found against appellants. There was no abandonment of the debt or lien, and, the lien being an incident to or security for the debt, it would continue as such as long as the debt was vital and not itself barred; the lien would follow it as an incident and available for foreclosure.

There is nothing in the case, cited by appellants, of Mitchell v. Thomas (Tex. Civ. App.) 172 S. W. 719, as in support of their contention; to the contrary, it supports the ruling of the trial judge, and the assignment is overruled.

We overrule the contention of appellants that there was no evidence that appellants assumed the notes except that it was recited in the record of the deed executed by Daim-wood and Evans that the consideration was the assumption of the notes.

[4] There is no bill of exceptions taken to the admission of the deed. The delivery of the deed to the purchaser and his acceptance thereof with the assumption clause is as binding on him as any other recital, whether the recited consideration be of money, notes, or the assumption of notes, and, in the absence of evidence to the contrary, is effective and binding upon the purchaser and those holding under him. This makes a prima facie case, and the burden rested upon the appellants to show the contrary.

[5] Appellants' eighth proposition is:

"That is the court erred in rendering any judgment to reform the description of the land as written, because the pleadings did not allege any fact nor was there any testimony as to any facts that there was a mutual mistake between the parties in executing the deed. It was agreed that an ex parte statement of W. C. Stewart might be admitted, subject to such legal objections as could be urged to it, if the witness was on the stand and testifying as therein stated. It is stated in the document, 'it was intended in both the deed from Albert Higby to A. D. Evans and W. H. Daimwood. and also in the two notes sued upon, to describe the said property as being in lot 8, block 6, situated in the Corpus Beach Hotel addition; and that the failure to make said deed and note so state was a clerical error.' It was also stated the witness was the agent of Higby."

And the ninth proposition on the same subject is:

"That is the court erred in finding that it was the intention of the parties to describe the land in question as 'Corpus Beach Hotel addition.' There is no evidence in the record to show that it was not 'intended. by Higby to convey a part of the Corpus Beach Hotel property instead of the hotel addition."

On the question of the description of the property in the seventh paragraph of the trial court's finding of fact, he found:

"I further find that the property described in the conveyance from Higby and wife to Evans and Daimwood was described as being in· the 'Corpus Christi Beach Hotel addition,' and that the vendor's lien notes given as part payment for said property, referred to the property as being 'of the Corpus Christi Beach Hotel property'; whereas, as a matter of fact, said description of the location of the said property was made by error and mistake, and that it was the intent of the parties to describe said lot as being in the 'Corpus Beach Hotel addition,' and that the vendor's lien was retained in said conveyance to secure the payment of the two notes sued upon."

The assignments are overruled.

There is no merit in appellants' objection that the court erred in not finding any fact or conclusion of law with reference to the statute of limitation. The court found facts on all the material issues of fact in the case.

There is nothing to show that appellants properly raised or made timely objection to the court's finding upon any subject after the same had been filed and a request for additional findings made. However, the findings of the court and the record itself shows the facts sufficiently on the question of limitation, and there is no error in the ruling.

There was no error committed by the trial court in admitting the testimony of the witness W. C. Stewart in reference to the description of the property otherwise sufficiently proven. If so, the same was harmless.

There is no error on the part of the court in overruling appellants' exception to the pleading, in that it did not set out facts sufficient upon which to predicate a reformation or correct the erroneous description if it was erroneous or needed reformation. We think the petition was sufficient for that purpose, and overrule the assignment.

This case has been fairly tried, and, finding no error committed that should cause it to be reversed, the judgment of the trial court is affirmed.