CHAPMAN v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS. (No. 522.)

Court of Civil Appeals of Texas. Waco. May 5, 1927.

Rehearing Denied June 9, 1927.

Carriers ☞219(5)—Railroad, delivering interstate shipment in state, is not liable for loss in transit of mule not received from intermediate carrier (U. S. Comp. St. § 8604a).

Railroad, delivering interstate shipment of mules in state, received from intermediate carrier, is not liable for loss en route of one mule, where court found on sufficient evidence that lost mule was not delivered to it, under U. S. Comp. St. § 8604a, providing that initial carrier of interstate commerce shall be responsible for loss in transit.

Appeal from Navarro County Court; Warren Hicks, Judge.

Action by J. O. Chapman against the St. Louis Southwestern Railway Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

J. T. Spencer, of Waxahachie, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

BARCUS, J. Appellant brought this suit against appellee to recover the value of one mule. The cause was tried to the court and resulted in a judgment for appellee. It appears from the record that appellant purchased 24 mules at Ashgrove, Mo. Same were loaded into one car and on a through bill of lading consigned to appellant at Powell, Tex. In transit same were handled by three or four different railway companies. When the car reached Powell there were only 23 mules; one having been lost somewhere in transit. Appellee was the delivering carrier, and, as such, appellant sought to hold it for his entire damage. The trial court filed findings of fact and conclusions of law. It found that the mule was loaded into the car at Ashgrove, Mo., and that same was an interstate shipment, and that the initial carrier was the St. Louis & S. F. Railway Company; that, when the car of mules came into the possession of appellee at Texarkana, Tex., it only contained 23 mules. The court found that appellee did not lose the mule and was not guilty of any negligence in handling the shipment. The trial court concluded, as a matter of law, that appellee was not liable to appellant for the value of the mule. There was no exception taken to the court's findings of fact or his conclusion of law. The finding of the court that the mule was not in the car at the time it was delivered to appellee is sustained by the testimony.

Under section 8604a, United States Compiled Statutes (Compact Ed.), it is provided that the initial carrier of interstate commerce shall issue a through bill of lading, and that the initial carrier shall be responsible for loss or damages which may occur thereto anywhere in transit. The Supreme Court of the United States, in passing on this statute, has held that no one of the connecting carriers is responsible for any of the damage, except that which occurs on its own lines. Oregon-Washington R. & Nav. Co. v. McGinn, 258 U. S. 409, 42 S. Ct. 332, 66 L. Ed. 689. Our state courts have followed the holding of the Supreme Court of the United States. A., T. & S. F. Ry. Co. v. Ohlhausen (Tex. Civ. App.) 272 S. W. 224; T. & P. Ry.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Co. v. West Bros. (Tex. Com. App.) 207 S. W. 918; St. L., S. F. & T. Ry. Co. v. Henderson Cut Stone Co. (Tex. Civ. App.) 275 S. W. 603. Appellee, having established the fact that it did not lose the mule, and that the loss thereof was not in any way occasioned by its negligence, was not liable to appellant for the value thereof, and there was no error in the court's action in rendering the judgment it did.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.